(January 2, 1918.)

## H. M. HUDSON, Respondent, v. CHARLES CARLSON, Appellant.

[170 Pac. 100.]

FORECLOSURE OF CHATTEL MORTGAGE—DEMAND OF PROPERTY—PRINCIPAL AND AGENT—ESTOPPEL—NEGOTIABLE INSTRUMENTS—NOTICE OF DISHONOR.

1. Secs. 3414 and 3415, Rev. Codes, as amended, relating to the foreclosure of chattel mortgages, do not require the mortgagee to make a demand upon the mortgagor to turn over the property peaceably before placing his affidavit in the hands of the proper officer if the mortgagor cannot be found within the county where the mortgage is being foreclosed.

2. The authority which a principal holds an agent out as possessing, or which he permits the agent to represent that he possesses, governs mutual rights and liabilities as between the principal and third persons, and the principal is estopped to deny such authority.

3. *Held,* that the evidence in this case shows respondent to have complied with the requirements of secs. 3561 and 3562, Rev. Codes,

relating to notice of dishonor of commercial paper, and proof having been made of the mailing of such notice as prescribed by law, it is immaterial whether or not it was received by the person to whom it was addressed.

[As to sufficiency of service of notice of dishonor, see note in 38 Am. Dec. 607.]

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. R. N. Dunn, Judge.

Action on promissory notes. Judgment for plaintiff *affirmed.*

James H. Frazier, for Appellant.

Costs and attorney's fees cannot be recovered unless demand is made upon the mortgagor for the possession of mortgaged property before the foreclosure proceedings and an allegation showing such demand be made in the complaint. (*Tappin v. McCabe,* 27 Ida. 402, 149 Pac. 460.)

No general authority in Nelson to assent to the extension of time of payment was shown and the burden of showing such fact rests upon the party asserting the same. (2 Corpus Juris, 925.)

A mere allegation that one party represented another without any allegation of his authority to do so is insufficient. (*Perrin v. Whipple,* 64 Misc. Rep. 289, 118 N. Y. Supp. 551; affirmed, 135 App. Div. 127, 119 N. Y. 990.)

The facts did not justify the court in holding that due notice or any notice had been given the indorser, Carlson. (*Ankeny v. Henry,* 1 Ida. 229; 7 Cyc. 826 (B).)

Appellant cannot be held for neglect and laches on the part of respondent in not taking an opportune time to foreclose said mortgage and to give due notice of any deficiency to appellant if he expected to hold him as a guarantor through indorsement. (*Keyes v. Fenstermaker,* 24 Cal. 329.)

An indorser of a note is discharged by an agreement of the holder to extend the time of payment, unless such agreement is made with the assent of the party secondarily liable. (7 Cyc. 822.)

Lynn W. Culp, for Respondent.

The principal is bound by all the acts of his agent within the scope or apparent scope of that agent's authority. (31 Cyc. 1189; 2 Am. & Eng. Ency. of Law, 2 ed., 837; 2 Corpus Juris, 419.)

Ratification will be implied and the principle of estoppel invoked where the principal has received the benefit of the transaction. (2 Corpus Juris, 493.)

BUDGE, C. J.—This is an action on certain promissory notes. It is unnecessary to recite the pleadings; such portions as are material will be referred to in the course of the opinion.

On August 7, 1913, one Heumann made and delivered to appellant 39 promissory notes for $35 each and one for $56, maturing consecutively at the end of each week thereafter, the last note falling due on May 11, 1914. The notes bore interest at the rate of eight per cent per annum. To secure the same a chattel mortgage was given on certain personal property used in connection with the City Bakery in Coeur d'Alene. Thirty-two of the notes were paid and on or about September 14, 1914, appellant sold the remaining notes to respondent, indorsing them in blank, and assigned the mortgage. On October 19, 1914, Heumann was adjudged a bankrupt; the bankruptcy court rejected the property described in the mortgage as being fully covered by the same and as not of sufficient value to leave any equity therein in favor of the bankrupt's estate. On December 9, 1914, respondent having made a proper affidavit, notice of sale was given by one Keller, constable for Coeur d'Alene precinct, the sale to take place on December 15, 1914, at which time all of the property which could be found and which possessed any value whatever was sold for the sum of $197, the costs of this sale, in the sum of $10.50, were deducted and the balance of $186.50 was applied upon the notes. On July 12, 1915, respondent commenced this action against appellant to recover the sum of $154.55, the balance then due

upon the notes, including principal and interest, and for $75 attorney fees. A demurrer was interposed to the second amended complaint, which is the one here in issue, and was overruled; whereupon appellant answered. A jury was waived and the cause was tried by the court which found the facts in favor of, and entered judgment for, respondent. This appeal is from the judgment.

The specifications of error are somewhat lengthy but it will be unnecessary to consider them in detail. The material points sought to be raised by appellant are that the complaint does not state facts sufficient to constitute a cause of action and in particular as to attorney fees, "for the reason that sec. 3414 of the Revised Codes of Idaho, as amended by 1909 Session Laws, page 149, provides that before attorney's fees can be recovered in the foreclosure of a chattel mortgage, an affidavit signed by the mortgagee must be presented to the mortgagor with a demand that the property be turned over or the claim paid"; that an extension of time was granted by respondent to Heumann without the knowledge or consent of appellant, and in this connection that there is no evidence to show that Oscar Nelson, Fred Nelson or Edith Carlson were agents of appellant or made any arrangement with respondent to grant the extension of time, and that therefore appellant, as indorser, is released from liability on the notes; and that no notice of demand and nonpayment was given to appellant.

Attention has been called to the decision of this court in *Tappin v. McCabe*, 27 Ida. 402, 149 Pac. 460, construing sec. 3413, Rev. Codes, as amended by Session Laws 1909, page 149, wherein it was held that: "An action cannot be maintained against an officer for his neglect or refusal to take into his possession, upon an affidavit and notice, personal property under a chattel mortgage, unless it is alleged in the complaint and proven upon the trial that the mortgagee has exhausted his statutory remedy, if he elects to avail himself of such statutory remedy, wherein it is expressly provided that he is required, under an affidavit, to demand the possession of the chattels covered by the chattel mortgage

for the purpose of selling the same to satisfy or apply upon an indebtedness due from the mortgagor, and that he has been unable to secure the possession of said chattels peaceably.''

It will be readily seen, however, that the latter case is not in point here. Appellant is relying not upon sec. 3413, *supra,* but upon sec. 3414, and that said section, as amended, contains the following proviso: *"Provided, however,* That if the mortgagor cannot be found within the county wherein the mortgage is being foreclosed, the general notice of sale directed in the next section is sufficient service upon the mortgagor of both said affidavit and notice.'' The next section therein referred to is sec. 3415, Rev. Codes, amended at the same Session, page 150, to read as follows: ''Sec. 3415. The person or officer having such affidavit must take the property into his possession and give notice of sale in the same manner and for the same length of time as is required in the case of the sale of like property on execution, and the sale must be conducted in the same manner.'' It is apparent from a reading of these two sections that it was not the intention of the legislature to require the mortgagee to make a demand upon the mortgagor to turn over the property peaceably before placing his affidavit in the hands of the proper officer ''if the mortgagor cannot be found within the county wherein the mortgage is being foreclosed.''

Furthermore, *Tappin v. McCabe, supra,* does not hold that a sale actually conducted by a sheriff or constable in the absence of a demand or an attempt to take possession of the property peaceably by the mortgagee would be invalid. The question before this court in the McCabe case was: Can the sheriff be held liable in damages for his refusal and neglect to foreclose by notice and sale where no demand has been made by the mortgagee and there has been no attempt by him to take possession of the property peaceably? It was held that under such circumstances the sheriff was not liable.

As to the contention that respondent granted Heumann an extension of time without the knowledge or consent of appellant, it is only necessary to say, and this in answer to

appellant's further contention as to the want of agency in Edith Carlson, his wife, and Oscar Nelson, his brother-in-law, that under the evidence Edith Carlson was clearly acting as appellant's agent; he had left the notes with her and she had made repeated efforts to collect them; she called in her brother, Oscar Nelson, to assist her in the transaction at the time that respondent purchased the notes and mortgage. The notes were then long past due and no other inference is possible than that respondent purchased the notes in order to help Heumann by giving him additional time within which to meet the obligation. The notes were sent by Oscar Nelson to appellant for his indorsement in order that the deal might be closed, and he indorsed them, receiving therefor the full amount of principal and interest then due upon the same. Furthermore, in the light of this evidence, appellant has by an affirmative admission in his answer eliminated this dispute from the case. In paragraph 3 thereof he states: "Admits that said Heumann advised and informed said · Edith Carlson that said plaintiff would grant an extension of time to said Heumann in which to pay said notes." This was notice to appellant, her principal, and her consent to close the deal knowing this, coupled with the fact that appellant accepted the money and indorsed the notes, is sufficient to bind him. She was unquestionably acting within the apparent scope of her authority, and it is elementary that "as between the principal and third persons the mutual rights and liabilities are governed by the apparent scope of the agent's authority, which is that authority which the principal holds the agent out as possessing or which he permits the agent to represent that he possesses, and which the principal is estopped to deny." (2 C. J. 570.) And likewise, "The fact that the agent's apparent authority is different from the actual authority conferred does not relieve the principal of responsibility." (2 C. J. 573.) There is therefore no merit in appellant's contention that an extension of time was granted without his knowledge or consent.

We come now to appellant's contention that no notice of demand and nonpayment was given to him. It is not quite

clear just why this point is urged. In the face of the record counsel must have been led afield either from a misapprehension of the legal effect of the evidence or of the law with respect to notice of demand and nonpayment. The testimony of respondent is to the effect that when he learned that Heumann had gone into bankruptcy, he took up the matter of payment of these notes with him and was advised by Heumann that he could not pay the notes and that respondent would have to look to his security. Further, that respondent wrote appellant on the same day advising him of the foregoing facts and demanding payment of appellant and further advising appellant that in the event of nonpayment he would exhaust the security by foreclosure and hold appellant for whatever balance might remain unpaid. This letter was deposited in due course of mail, duly stamped and addressed to appellant who was then at Vananda, Montana. There is nothing to contradict this evidence in the record and the trial court committed no error in finding the fact as testified to by respondent. The sections of the Revised Codes applicable to this situation are:

"Sec. 3561. Where the person giving and the person to receive notice reside in different places, the notice must be given within the following times: First, if sent by mail, it must be deposited in the postoffice in time to go by mail the day following the day of dishonor, or if there be no mail at a convenient hour on that day, the next mail thereafter; . . . . "

"Sec. 3562. Where notice of dishonor is duly addressed and deposited in the postoffice, the sender is deemed to have given due notice, notwithstanding any miscarriage in the mails."

The language of these sections is so plain that any attempt to elucidate it is uncalled for. Under the evidence respondent clearly complied with the requirements of the statute, and it is immaterial whether appellant ever received the notice or not. This contention of appellant is so lacking in merit as to present no debatable question.

A careful examination of the entire record discloses no reason for a reversal. The judgment is affirmed. Costs awarded to respondent.

MORGAN, J., Dissenting.—The author of the foregoing opinion seems to have proceeded upon the erroneous theory that sec. 3413, Rev. Codes, as amended, permits a mortgagee to take possession of mortgaged personal property, for the purpose of foreclosure, only in case the mortgagor can be found within the county wherein the mortgage is sought to be foreclosed. The language of the section certainly does not suggest such a construction, nor can it be justified by anything to be found in the other sections referred to.

Let us see where the theory, upon which the opinion is based, will lead us if we follow it: The provisions quoted from secs. 3414 and 3415, as amended, apply with equal force to a sheriff or constable as to any other person authorized by affidavit to take possession of the property. We have held in *Tappin v. McCabe,* 27 Ida. 402, 149 Pac. 460, that an officer can only be required to act in a proceeding of this kind in the event the property cannot be taken peaceably by the mortgagee. He is governed by the provisions of secs. 3414 and 3415 the same as is any other person seeking to proceed under authority of an affidavit of foreclosure, and if, as held in the foregoing opinion, a private individual cannot take the property without finding the mortgagor in the county wherein it is situated, these provisions would prohibit an officer from taking it under the same circumstances. It is clear that if the statutory provision above referred to prohibits a private individual from acting in the premises, an officer is also prohibited, and we have reached the remarkable conclusion that, in Idaho, a chattel mortgage cannot be foreclosed by notice and sale unless the mortgagor and the mortgaged property can be found in the same county at the same time. The law will not bear that construction, and we should not attempt to read such a provision into it.

In *Tappin v. McCabe, supra,* we held, in effect, that the amendment to sec. 3413 was enacted for the benefit of the

mortgagor; that it was intended to save him the expense of foreclosure through the agency of an officer. This being the purpose of the law, the mortgagee has not an election between the remedies therein provided, but must personally, or by agent or attorney, take possession of the property, if it can be done peaceably, whether the mortgagor can be found in the county or not, and proceed with the foreclosure, and may not invoke the aid of an officer unless peaceable possession be refused.

It does not appear that an effort was made to conform to the statute in this case, nor that respondent would have met with any difficulty in securing peaceable possession of the property had he attempted to do so.

I am of the opinion that respondent, having failed to properly pursue his statutory remedy against the mortgaged property, which was primarily liable for the payment of the debt, cannot maintain this action against the indorser of the notes, and that the judgment should be reversed.

RICE, J., Concurring.—I concur in the conclusion reached that the judgment should be affirmed. As I view it, Rev. Codes, sec. 3413, as amended 1909 Sess. Laws, p. 149, enlarges the remedy of the mortgagee by giving him the power to foreclose without requiring the services of an officer if possession of the property can be obtained peaceably. I do not think it deprives him of the right to require the proper officer to foreclose the mortgage in any case if he desires the services of such officer. I do not think an officer could justify a refusal to proceed with the foreclosure of a chattel mortgage on the grounds that the mortgagee had not previously demanded possession of the property from the mortgagor or had not been denied peaceable possession thereof. If the case of *Tappin v. McCabe,* 27 Ida. 402, 149 Pac. 460, was intended to so construe the statute, I think it should be overruled on that point.