Roberts *v.* Robeson.

⧫◆⧫

### ROBERTS v. ROBESON.

NEW TRIALS.—In civil causes, only two new trials can be granted to the same party in the same cause, upon any grounds whatever.

APPEAL from the *Fayette* Common Pleas.

HANNA, J.—This case was here once before under the title of *Wynne* and another, against *Glidewell* and another. 17 Ind. 446. In accordance with the opinion then pronounced, a new

Roberts *v.* Robeson.

trial was had in the *Franklin* Common Pleas, upon the said application of the plaintiffs. The defendants again had a verdict. On motion of the plaintiffs, the second verdict was set aside by the Court, and a new trial again granted. The plaintiff then obtained a change of venue to *Fayette*, where a third trial resulted in a third verdict for the defendants. On this a judgment was rendered over a motion for a new trial.

The first question that is presented is, whether, under the statute, a new trial could have been granted, even if sufficient cause had been shown therefor. The statute, upon the subject of new trials, specifically sets forth the causes for which such trials should be granted, under eight different heads, or subdivisions, and there the following language occurs in the same section: "But not more than two new trials shall be granted to the same party, in the same cause." 2 G. & H. 214. It is urged that this clause has reference to the particular reason, or cause, for which a new trial may be granted in pending litigation, as, for instance, two new trials might be granted under each of the heads, or subdivisions, enumerated in the statute. If the correct view of the statute is, that more than two new trials may be granted in the same case, or that two may be granted for each *cause*, which may legally be assigned therefor, then it follows, that the trials thus granted, might not be limited by even sixteen; for the first subdivision is, "Irregularity in the proceedings of the Court, jury, or prevailing party, or any order of Court, or abuse of discretion, by which the party was prevented from having a fair trial." Many things might occur that could be assigned under this clause, each of which would entitle the losing, or injured party, to a new trial.

It is evident, that it was the intention of those who framed and enacted this law, to put some limit to litigation. It is urged by the appellee, that the limit is that, if the Court so orders, the same party may have, upon showing good cause,

Roberts *v.* Robeson.

three trials—three verdicts or findings—but no more; that is, that no more than two new trials shall be granted to the same party in the same suit, litigation, or case.

In other words, the contested question before the Court, is here meant by the word, cause. That is one of the meanings of the word cause, as well as that of case. 1 Bouv. L. Dict.

If this is the proper interpretation of this clause of the statute, it is not necessary to inquire as to whether the two new trials were granted for the same reason upon which the motion was the third time made; nor is it necessary to determine any other questions attempted to be raised in the record.

In view of the evident intent with which the statute was framed, and the peculiar phraseology used therein, to-wit: "*in* the same cause;" not *for* the same cause; we are of the opinion the Court had exercised the discretion conferred upon it, to the limit allowed by the statute, and, therefore, very properly refused a third new trial. In this conclusion we are strengthened by the different language adopted by the same body of law makers, in regard to applications for new trials in criminal trials; which may be made for five general reasons, the last being as follows: "5th. When the verdict is contrary to law or evidence; but not more than two new trials shall be granted for this cause alone." 2 G. & H. 424; showing that in criminal cases the limit does not attach as to the other causes which might be set forth.

*Per Curiam.*—The judgment is affirmed, with costs.

*George Holland* and *C. C. Binkley*, for the appellant.

*Wilson Morrow* and *James McIntosh*, for the appellee.