THE MONARCH G. & S. M. CO., Appellant, *v.* PETER McLAUGHLIN ET AL., Respondents.

New Trial.—After two concurring verdicts, the court will not grant a new trial if the questions to be tried wholly depend upon matters of fact, and no rule of law has been violated; even though in the opinion of the court the verdict be against the weight of evidence.

Appeal from the second judicial district, Alturas county.

*V. S. Anderson, Brumback & Cahalan, and George Ainslie,* for the Appellant.

*R. A. Sidebotham and Huston & Gray,* for the respondents.

Clark, J., delivered the opinion. Hollister, J., concurred. Prickett, J., having been of counsel, took no part in the case.

This action was commenced on the twenty-fourth day of July, 1875, in the district court of the second judicial district for Alturas county. It is brought for the recovery of the possession of certain silver ore mentioned in the complaint, or the value thereof, to wit, four thousand dollars, in case a return can not be made.

The records of this court show that this action was tried

by the district court of the second judicial district for Alturas county, at a term thereof held A. D. 1875, and that the jury in the case returned a verdict in favor of the defendants, upon which verdict judgment was rendered accordingly. That afterwards the plaintiff, now appellant, moved for a new trial on the grounds of the insufficiency of the evidence to justify the verdict, and that the law known as the statute of limitations had not been correctly given by the court to the jury. The judge who tried the cause, after hearing the motion for new trial, denied the same, and plaintiffs appealed therefrom to this court. At the January term, 1876, said appeal was heard, and the order refusing a new trial overruled.

This court, in its opinion on that appeal, say, in substance, that because the law governing this case was not given to the jury in writing, and the evidence strongly preponderating against the verdict, the jury must have misconceived the law, or the facts, or were influenced by passion, or prejudice, in order to find their verdict. It is evident from the opinion, that this cause was ordered to be submitted again to a jury, because this court had doubts as to whether justice had been done in the premises.

This cause was tried for the second time in said district court, before a different judge and jury, and a verdict rendered again for the defendants, and judgment accordingly. The plaintiff moved again for a new trial, which was denied by the judge who tried the cause, and an appeal from that order and the judgment is perfected and the cause again submitted to this court. The transcript shows that no exception was taken to any ruling or order of the court made during the progress of the trial. The instructions were given to the jury in writing, and the same is admitted by the counsel for appellant to cover the law in the case. So far as the record shows, the appellant had a fair and impartial trial.

In this case two juries have passed upon the facts and returned concurrent verdicts, and the several judges before whom these trials were had, have in each instance denied the plaintiff a new trial. Hence we conclude that the

judges considered the evidence sufficient to warrant the verdict.

It has been a debated and vexed question, as to whether, after the court that tried the cause has decided that the verdict must stand, an appellate court can, notwithstanding, order a new trial. The presiding judge has heard, and what is more important, has seen the witnesses testify, noticed their demeanor, listened to their cross-examination; minute circumstances which are often the turning-point in a case have not escaped him. The evidence has been presented full and fresh to his mind after passing through the slow and severe ordeal of judicial scrutiny. He has the benefit of the siftings of counsel. On the other hand the appellate court has enjoyed none of these advantages; it receives the testimony on paper, and thus presented, it is always tame, meager, and unsatisfactory. Its whole knowledge of the case being thus derived, it is but illy qualified to pass an enlightened judgment upon it. The reasons therefore for denying to the appellate court the right to reverse the decision of the judge who tried the cause confirming the verdict, possess great weight; far greater and stronger do they become when we apply them to the present case, where different judges heard the evidence and decided the same to be sufficient to justify the verdict.

Motions for a new trial are addressed to the sound discretion of the court, and are granted or denied, not as a matter of strict right, but as the substantial justice of the case may appear to require. In Indiana it appears that in a civil case, only two new trials can be granted to the same party in the cause upon any grounds whatever. (Roberts *v.* Robinson, 22 Ind. 456.)

This is a harsh and arbitrary rule, and might work great injustice in some cases. It does not obtain to any extent beyond that state. The general rule is, where the issue is solely of fact, that after two concurring verdicts the court will not grant a new trial if the questions to be tried wholly depend upon matters of fact and no rule of law violated, although the verdict be against the weight of evidence.

(1 Graham & Wat. on New Trials, 541, and cases there cited in support of this doctrine.)

In *Swinerton* v. *Marquis of Stafford*, the court say: The jury, who are the competent judges, have again had the case before them, and have decided it. Even if on nicely scrutinizing all the evidence, we had a doubt whether the verdict was right, it could be never right for us to make no weight of two verdicts of a jury in order to take the chance of a third. (3 Trent. 232.) So in *Talcot* v. *Commercial and Marine Insurance Co.*, 2 Johns. 467, *per curiam:* "Here have been two trials in each of these causes on the same question of fact. As four different juries have found the vessel seaworthy, and on the last trial some further evidence was adduced on the part of the plaintiff, we do not think it expedient to disturb the verdict. The rule must be denied."

In *Fowler* v. *Ætna Fire Insurance Co.*, 7 Wend. 270, the court uses this language: "I still think the verdict on this point is against the weight of evidence, but after two concurring verdicts in a case where there were many witnesses and a great deal of testimony on both sides upon a mere question of fact, supposing there was no misdirection, I should not think it a discreet exercise of the power of this court again to interfere with the finding of the jury." In *Barret* v. *Rogers*, 7 Mass. 297, the same doctrine is affirmed, and in *Frost* v. *Brown*, 2 Bay, 133, after a review of the testimony the learned judge concludes: "After all, if the objections to this verdict had much more weight with me than they have, yet I would not disturb this last verdict for another reason; a second trial has already been granted, and special juries have concurred in finding the same facts. I think we have no authority to proceed any further, for although I would never surrender a plain and certain rule of law to the caprice of a jury, or any number of juries, yet in a case where the law is complicated with facts so that the construction and application of it must depend on the finding of fact, two concurrent verdicts even against the opinion of the judges, ought to be conclusive. I think a third trial ought not to be granted." Numerous other authorities might

be cited in support of the doctrine in the foregoing cases; we believe they are sustained by the weight of authority. Counsel for appellants have not cited any case which, in any respect, contradicts or opposes these views. The case cited in appellant's brief (*Campbell* v. *Jones*, 38 Cal. 507), is not in point—that action was for the recovery of specific personal property, with damages for its detention. The verdict returned by the jury was informal, and not sufficiently definite and certain to serve as a basis for a judgment upon the matters in controversy.

It is claimed by appellant, that the verdict is wholly unsupported by evidence. The record will not support this assertion, because the testimony of witness Tonkin denies every material allegation in the complaint and supports the verdict to its fullest extent. It is true that he is one of the defendants and may be considered as an interested witness, yet notwithstanding his interest, the law makes him competent as a witness and subject only to the same tests for credibility as other witnesses.

This court will not weigh evidence, but review it for the purpose of ascertaining whether error had been committed. We may have doubts as to the correctness of this last verdict, yet as two juries have concurred in the same finding of fact we deem it improper to disturb the verdict.

The order of the court below denying the motion for new trial, and the judgment in this action, is affirmed.