(March 8, 1886.)

## LUFKINS v. COLLINS ET AL.

### [10 Pac. 300.]

VERDICT—EVIDENCE.—The verdict of a jury against defendants in an action for the recovery of personal property is conclusive on appeal to the supreme court of the question of ownership, and also upon all the allegations in the complaint material to recovery in the action, if there is any evidence to sustain the verdict.

SPECIAL VERDICT OF A JURY.—It is the province of the court to deter-
mine as to what particular facts the jury shall find specially, and
neither party has the right to dictate the terms of any particular
question which the court may deem proper to submit to the jury.

INSTRUCTIONS—VERDICT.—When the instructions, taken as a whole,
fairly submit the case to the jury, the verdict will not be disturbed
on account of mere inaccuracies in some of the instructions given.

APPEAL from District Court, Alturas County.

Kimball & Heywood, for Appellants.

No brief on file.

G. L. Waters, L. Vineyard, J. B. Rosborough, and Brumback
& Lamb, for Respondent.

A party who negligently or culpably stands by and allows
another to contract on the faith and understanding of a fact,
which he can contradict, cannot afterward dispute that fact
in an action against the person who has himself assisted in de-
ceiving. (See the case of *Pickard v. Sears,* cited in Bigelow
on Estoppel, 3d ed., p. 479, and note by Lord Denman, p. 479;
69 Ill. 452; 91 Ill. 58; 88 Ill. 452; 89 Ill. 491; 79 Ill. 187;
85 Ill. 96; 33 Mich. 92; 46 N. Y. 325, 7 Am. Rep. 341; 55
N. Y. 41, 14 Am. Rep. 173; 4 Met. 381, 38 Am. Dec. 376, and
note.)

BRODERICK, J.—This case was here on appeal at the
instance of defendants, and was decided at the January term,
1885 (ante, p. 150, 7 Pac. 95). The former judgment was
there reversed, and the cause remanded to the court below for a
new trial. The plaintiff again obtained a verdict and judg-
ment, and from this judgment the defendants appeal.

The facts, as disclosed by the record, are substantially as fol-
lows: On and prior to the twenty-first day of November, 1882,
the firm of Adams & Cunningham were the owners of seventy-
one head of mules and horses used in teaming, and at that
time the firm was engaged in teaming for Collins & Co., the
defendants herein, with this plaintiff as boss or train-master,
in the employ of said Adams & Cunningham, on the Oregon
Short Line Railroad. On November 21, 1882, at Pocatello

station, on the line of said road, Adams & Cunningham, being
threatened with attachment suits, sold their stock and forward-
ing outfit to Collins & Co., defendants, and delivered to them a
bill of sale, but the property was not there, and no part of it
was delivered until the next day thereafter. The defendants
and Adams then proceeded to the sixteen-mile station on the
road, where they met the plaintiff with some of the property,
and informed him of the transaction. On the twenty-second
day of November, 1882, at the forty-three mile station on the
road, the firm of Adams & Cunningham, by bill of sale and by
actual delivery, sold to the plaintiff the five mules described in
the complaint. While the negotiation was going on between
plaintiff and Adams for the five mules, the defendant Stevens
said to plaintiff that the sale of the property to defendants did
not amount to much; that it was done to keep the work going on,
and that he (plaintiff) could go ahead and purchase the mules,
and thereby make himself secure. Immediately thereafter, and
in presence of Stevens, the plaintiff selected the five head of
mules, and he and Adams agreed upon the purchase price, and
they were then and there delivered by Adams to the plaintiff.
The delivery of the property was accomplished by a bill of sale
executed by Adams & Cunningham. This occurred before the
property had been delivered to the defendants. Adams then de-
livered to Stevens, for defendants, the other property, consist-
ing of sixty-six head of stock and the forwarding outfit, and
by agreement there made the plaintiff retained the control of
the same for defendants, and continued in their employ as
train-master. The plaintiff retained possession of the mules
so purchased by him, and claimed and used them without ob-
jection from defendants until some time in January, 1883.
On the nineteenth day of January, 1883, the defendants, while
the plaintiff was absent, and without his consent, and by "force
and arms," took and drove away the mules, claiming them un-
der the bill of sale of November 21, 1882.

The action was brought to recover the property, and for dam-
ages, and the verdict was in favor of the plaintiff for the return
of the property or $1,000, the value thereof, and $300 damages
for wrongful detention of the same.

On the trial of the case, among others, the following special question was submitted to the jury: "2. Was there a sale and delivery of the property in question for a valuable consideration by Adams & Cunningham to the plaintiff Lufkins? And if so, did the defendants assent or acquiesce in such sale and delivery?" This question was answered by the jury in the affirmative, and no other special verdict returned is in any manner inconsistent with this one. This special finding of the jury supports the general verdict, and is conclusive upon the question there submitted, if there is any evidence to sustain the finding.

At the trial defendants requested the court to instruct the jury to find specially on certain other questions, a part of which were submitted and others refused, and defendants excepted to the ruling upon the questions refused, and assign the same as error. By our code, section 385, it is the province of the court to determine as to what particular facts the jury shall find specially, and neither party has a right to dictate the terms of such questions, and for refusing to comply with such request no error can properly be assigned.

There are a number of assignments of error in the record as to giving certain instructions to the jury, as well as to the refusal of the court to give others, which assignments need not be noticed in detail.

We are unable to find any error, either in the instructions given or refused.

Counsel for defendants urge that the court erred in refusing to give the last instruction requested, which is as follows: "On the undisputed facts in this case defendants are entitled to a verdict of no cause of action." This request was made on the assumption that there was no evidence in support of the plaintiff's claim. We have carefully examined the record, and are satisfied that this assumption is not well founded. There is some evidence to support the verdict, but we deem it unnecessary to comment thereon at length. The circumstances surrounding the parties, the apparent motive that governed the parties when the transactions were had, the apparent acquiescence of the defendants in the sale to plaintiff, the manner in which the defendants obtained possession of the property—in short, the whole case—is such that we think it was properly

submitted on the evidence and instructions to the jury to determine who had the better right and title to the property. (*Silver Min. Co. v. McLaughlin,* 1 Idaho, 651; *Brown v. Brown,* 41 Cal. 88; *Trenor v. Railroad Co.,* 50 Cal. 222.)

We are further satisfied, in view of all the facts and circumstances of this case, that justice has been done, and that the verdict and judgment should not be disturbed. The judgment is therefore affirmed.

Hays, C. J., and Buck, J., concurring.