(May 31, 1915.)

# I. F. TAPPIN, Appellant, v. THOMAS McCABE, as Sheriff of Shoshone County, Respondent.

[149 Pac. 460.]

CHATTEL MORTGAGE—FORECLOSURE—MUST ALLEGE COMPLIANCE WITH STATUTE—POSSESSION OF PERSONAL PROPERTY—SALE.

1. Sec. 3413, Rev. Codes, as amended (Sess. L. 1909, p. 149), provides: "In proceeding to foreclose by notice and sale, the mortgagee, his agent or attorney, must make an affidavit stating the date of the mortgage, the names of the parties thereto, a full description of the property mortgaged, and the amount due thereon. Such affidavit shall be sufficient authority to demand and receive possession of the property, if the same can be taken peaceably, but if it cannot be so taken, then such affidavit must be placed in the hands of the sheriff of the county or the constable in the precinct where the property is located, together with a notice signed by the mortgagee, his agent or attorney, requiring such officer to take the mortgaged property into his possession and sell the same."

2. *Held,* that where the plaintiff failed to allege in his amended complaint that the mortgagee, his agent or attorney made an affidavit as required by sec. 3413, Rev. Codes, as amended by Sess. Laws 1909, p. 149, and upon such affidavit demanded the possession of the property described in the chattel mortgage which he sought to foreclose by affidavit and notice, which demand was thereupon refused by the mortgagor, and by reason thereof such affidavit and notice was placed in the hands of the sheriff, said amended complaint was subject to a general demurrer upon the ground that the same did not state facts sufficient to constitute a cause of action.

3. *Held,* that it was incumbent upon the plaintiff to allege in his amended complaint that he had fully complied with sec. 3413, Rev. Codes, as amended by Sess. Laws 1909, p. 149, before a right of action could be maintained against the defendant as sheriff, for his failure or refusal to take into his possession the personal property described in the chattel mortgage under an affidavit and notice of sale, and sell the same.

APPEAL from the District Court of the First Judicial District for Shoshone County. Hon. William W. Woods, Judge.

Action for damage against the sheriff of Shoshone county for alleged failure and refusal to take into his possession personal property described in a chattel mortgage under an affidavit and notice of sale. Demurrer to amended complaint sustained by the trial court. Judgment *affirmed*.

T. P. Wormward, for Appellant, cites no authorities.

J. E. Gyde, for Respondent.

The respondent, as sheriff of Shoshone county, had no authority to sell the mortgaged property in question until appellant had demanded possession of the property and peaceable possession thereof could not be obtained, and the complaint failing to show such demand and failure to obtain peaceable possession by the mortgagee is subject to demurrer. (Sec. 3413, Rev. Codes, as amended by 1909 Sess. Laws 149.) For a construction of the statute before amendment, see *Rein v. Callaway*, 7 Ida. 634, 65 Pac. 63.

A sheriff is not responsible for dereliction of duty in failing to execute process if the person demanding the execution thereof has other means at hand to secure his demands. (*Townsend v. Libbey*, 70 Me. 162; *Clark v. Smith*, 10 Conn. 1, 25 Am. Dec. 47.)

"A plaintiff cannot recover damages from a sheriff on account of negligence by which an attempted writ was rendered ineffectual, if he contributed to the result by his own negligence." (*Parrott v. McDonald*, 72 Neb. 97, 100 N. W. 132.)

BUDGE, J.—This is an action brought in the district court of the first judicial district for Shoshone county, against the sheriff of said county for failure to take possession of a certain portion of the personal property described in a chattel mortgage, and sell the same to satisfy the balance due upon an alleged indebtedness to the plaintiff by the mortgagor by notice and sale upon an affidavit by the mortgagee, as provided under sec. 3413, Rev. Codes, as amended by Sess. L. 1909, p. 149.

The plaintiff, in his amended complaint, alleges, *inter alia*, that the defendant is now, and at all times since the month of January, 1913, has been, the duly elected, qualified and acting sheriff of Shoshone county; that on May 7, 1912, one H. D. Bishop made, executed and delivered to the plaintiff, A. F. Tappin, a chattel mortgage on certain personal property described in the plaintiff's amended complaint, as security for the payment of a certain promissory note in the sum of $700 due one year from May 7, 1912, bearing interest at seven per cent per annum from date until paid; that said chattel mortgage was in due form and properly acknowledged; that thereafter on May 23, 1913, the full amount of said note remained unpaid; that the property was within the jurisdiction of the defendant sheriff upon the date when the plaintiff, in writing, demanded of the defendant that he, in his official capacity, take into his possession, under and by virtue of said chattel mortgage, for the purpose of foreclosure and sale, a certain portion of the personal property described in said chattel mortgage; that the defendant sheriff wrongfully and negligently failed and refused so to do, and to sell the same pursuant to the demand of the plaintiff. Plaintiff thereafter sets out the reasonable market value of said portion of the mortgaged personal property and demands judgment for $371, together with interest thereon at the rate of seven per cent per annum, from said May 23, 1913, and down to the rendition of the judgment in the action, together with costs and disbursements.

To the amended complaint the defendant filed both a special and general demurrer. The demurrer was sustained by the trial court. Plaintiff refused to amend or plead further, and thereupon judgment of dismissal was entered in favor of the defendant. This is an appeal from the judgment sustaining the demurrer.

There are no distinct enumerations of error set out in appellant's brief as required by rule No. 45 of this court. That rule should be complied with by counsel for appellants in preparing briefs. There is, however, what are designated as "points of error," from which we gather that the error re-

lied upon by appellant is, that the court erred in sustaining respondent's demurrer to appellant's amended complaint upon the ground and for the reason that the appellant had failed to allege in his amended complaint that the mortgagee, his agent or attorney, made an affidavit as required by sec. 3413, Rev. Codes, as amended by Sess. L. 1909, p. 149, setting out the names of the parties thereto, a full description of the property mortgaged and the amount due thereon, and under such affidavit demanded the possession of the property described in the chattel mortgage, which demand was refused by the mortgagor, and that, by reason of such refusal of the mortgagor to deliver the possession of said mortgaged property to the mortgagee to be sold and the proceeds applied upon the indebtedness due from the mortgagor to the mortgagee, such affidavit and notice was placed in the hands of the sheriff of Shoshone county, Idaho, together with the notice signed by the mortgagee, his agent or attorney, requiring such sheriff to take the mortgaged property into his possession and sell the same.

Sec. 3413, Rev. Codes, as amended, *supra,* provides: "In proceeding to foreclose by notice and sale, the mortgagee, his agent or attorney, must make an affidavit stating the date of the mortgage, the names of the parties thereto, a full description of the property mortgaged, and the amount due thereon. Such affidavit shall be sufficient authority to demand and receive possession of the property, if the same can be taken peaceably, but if it cannot be so taken, then such affidavit must be placed in the hands of the sheriff of the county or the constable in the precinct where the property is located, together with a notice signed by the mortgagee, his agent or attorney, requiring such officer to take the mortgaged property into his possession and sell the same."

Prior to the amendment of said sec. 3413, it was not necessary for the mortgagee, desiring to foreclose a chattel mortgage by affidavit and notice, to make a demand upon the mortgagor; in fact, this court held in the case of *Rein v. Callaway,* 7 Ida. 634, 65 Pac. 63, that under the statutes of this state a mortgagor could not lawfully authorize the mortgagee, by

provisions made in a chattel mortgage, to take possession of the mortgaged property and sell the same, and apply the proceeds thereof to the payment of the indebtedness due from the mortgagor to the mortgagee, but restricted the sale of said mortgaged property to a foreclosure and sale by affidavit and notice of sale placed in the hands of the sheriff or constable under sec. 3390, Rev. Stats., or by an action in the district court for the foreclosure of said chattel mortgage, which said two methods were held to be exclusive. However, the legislature, by the enactment of said amendment to sec. 3413, *supra,* evidently intended to protect the debtor against the costs and expenses incident to a foreclosure and sale upon affidavit and notice, by providing that the mortgagee, his agent or attorney, should make an affidavit as provided in said amendment, and thereupon demand the possession of said mortgaged property, and if he could receive the same peaceably, or in other words, if the mortgagor and the mortgagee could mutually agree upon the delivery to the mortgagee of the mortgaged property, that the same should be delivered to the mortgagee and by him sold, in like manner as if sold by the sheriff or constable, and the proceeds from the sale of said mortgaged property credited upon the indebtedness due the mortgagee. If possession of said mortgaged property was denied the mortgagee upon demand made as provided in said sec. 3413, as amended, it then became the duty of the mortgagee to place said affidavit and notice of sale in the hands of the sheriff of said county or constable of the precinct where the property was located with directions to such officer to take such mortgaged property into his possession and to sell the same as provided by law.

We are of the opinion that it was the duty of the appellant to have alleged in his amended complaint a full compliance with the provisions of the statute as herein referred to, and that by reason of his failure so to do said amended complaint was subject to the respondent's demurrer, and that the court did not err in sustaining the same.

An action cannot be maintained against an officer for his neglect or refusal to take into his possession, upon an affidavit and notice, personal property under a chattel mortgage, un-

less it is alleged in the complaint and proven upon the trial that the mortgagee has exhausted his statutory remedy, if he elects to avail himself of such statutory remedy, wherein it is expressly provided that he is required, under an affidavit, to demand the possession of the chattels covered by the chattel mortgage for the purpose of selling the same to satisfy or apply upon an indebtedness due from the mortgagor, and that he has been unable to secure the possession of said chattels peaceably.

The judgment is affirmed, and costs awarded to respondent.

Sullivan, C. J., and Morgan, J., concur.