(No. 4895.   May 17, 1928.)

ARTHUR W. GARRETT, Appellant, v. RALPH SOUCIE, Respondent.

[267 Pac. 1078.]

W. H. Davison and Barber & Barber, for Appellant.

J. B. Eldridge, for Respondent.

T. BAILEY LEE, J.—On December 20, 1922, defendant, Soucie, executed his promissory note in the sum of $1,330, due ten months thereafter with interest at ten per cent, to the First National Bank of Meridian. The note was secured by a chattel mortgage covering defendant's interest in certain crops of hay and grain. In September, 1923, and January, 1924, without the consent of the mortgagor, the mortgagee bank, through its representatives, hauled away the mortgaged property and sold it, receiving fair market prices therefor and applying the proceeds, some $213.69, on the note. After these credits were applied there remained a balance due on the note of $1,132.81 and interest, which amount plaintiff, as trustee of the aforesaid bank, herein sought to recover. From a judgment of dismissal, plaintiff has appealed and assigned as errors: (1) The finding and conclusion of the court that the holder of

the note had forfeited the right to sue upon it; (2) the dismissal of the action.

The laws of the state of Idaho provide two methods for the foreclosure of chattel mortgages. (C. S., secs. 6379 and 6949), neither of which was followed by the appellant or his assignor.

"The provisions of law relative to the summary foreclosure of chattel mortgages must be strictly followed. If there is a deviation therefrom, and the property is sold by, or through the acts or procurements of the mortgagee, without such compliance with the statutes, he cannot thereafter maintain any action to collect the deficiency." (*First Nat. Bank of Pocatello v. Poling,* 42 Ida. 636, 643, 248 Pac. 19.)

C. S., secs. 6379 and 6949, above cited, were formerly R. S., secs. 3390 and 4520, respectively; under the latter the case of *Rein v. Callaway,* 7 Ida. 634, 65 Pac. 63, was decided. There the court said:

"It is clear that the intention of the legislature in the enactment of said sections was to provide exclusive remedies or proceedings for the foreclosure of mortgages on personal property. . . . . As the mortgagee by his own illegal act has deprived himself of his security, he cannot maintain his action upon the note" or "for any balance due on the mortgage debt."

The rule has also been announced and approved in *Berg v. Carey,* 40 Ida. 278, 281, 232 Pac. 904, and *Portland Cattle Loan Co. v. Biehl,* 42 Ida. 29, 45, 245 Pac. 88. It must be applied here.

Judgment affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.