(No. 5031. April 22, 1929.)

ADVANCE RUMLEY THRESHER COMPANY, INC., a Corporation, Appellant, v. J. H. AYRES, L. I. DELEA, GEORGE E. JENKINS, H. L. BARKER, ERNEST SMITH, WILLIAM AGNE, E. H. WILLIAMS and JOHN F. DIXON, Respondents.

[277 Pac. 20.]

James R. Bothwell and W. Orr Chapman, for Appellant.

James & Ryan, for Respondents.

VARIAN, J.—On August 24, 1921, the eight respondents executed their chattel mortgage to the Aultman & Taylor Machinery Company, covering a threshing machine, tractor, and threshing equipment, securing the payment of six instalment promissory notes of even date therewith. After maturity the notes and chattel mortgage were assigned to appellant.

On September 26, 1924, one Shaw, agent for appellant, made affidavit for summary foreclosure of said chattel mortgage showing a total balance due thereunder of $2,805.71, and placed the affidavit in the hands of the sheriff, who took the mortgaged property into his possession on September 27, 1924, and sold the same on October 7, 1924. The sheriff's return of his proceedings is as follows:

"I hereby certify that under and by virtue of the hereunto annexed affidavit and notice of foreclosure and sale of mortgaged chattel property, I did on the 27th day of September, 1924, take into my possession the mortgaged property named in said affidavit, to-wit:

'One J. I. Case 26–46 Grain Separator #88094, Gls Wind Stacker Case Feeder; Case Weigher, Hulling Attachment; 125–7–4 Drive Belt; One Aultman & Taylor 15–30 Tractor #3892,'—and at the same time I served upon the Mortgagors, excepting H. L. Barker, a true copy of said affidavit and notice, also a notice in writing attached thereto, stating the names of the Mortgagee, and Mortgagors, the amount claimed to be due, a description of the property mortgaged and the time and place of sale and that I posted notices of sale as required by law in three public places in West Gooding Precinct, Gooding County, State of Idaho, where the property was to be sold and on the 7th day of October, 1924, I sold the same at public auction for cash to the highest bidder and delivered to the purchaser a certificate of sale and that the proceeds of said sale amounted to the sum of $1000.00 and after deducting my lawful fees of $30.30 I paid the remainder of $969.70 to M. E. Shaw, collector for Advance-Rumley Thresher Company, Inc., whose receipt is hereunto annexed.

"Dated this 7th day of October, 1924."

There is no notice of foreclosure and sale attached to the return filed in the office of the clerk of the district court.

The property was bid in at the sale by appellant, the proceeds applied toward the payment of the mortgage indebtedness, and on January 30, 1925, this action was commenced to recover the deficiency, attorney's fees, and costs.

Respondents answered, admitting the execution of the notes and chattel mortgage, denying the validity of the foreclosure proceedings, and by counterclaim alleging damages for breach of warranty, etc. At the close of appellant's testimony, respondents moved for nonsuit upon the ground that appellant had not followed the procedure prescribed by C. S., secs. 6380, 6381, and 6382, relating to summary

foreclosure of chattel mortgages. The motion was denied, and at the close of all the testimony appellant moved for an instructed verdict, and respondents thereupon renewed their motion for nonsuit and asked for an instructed verdict, but not for any affirmative relief under their answer. The court denied all these motions, and submitted the cause to the jury. Judgment for costs in favor of respondents was entered upon a verdict in their favor.

Appellant assigns numerous errors in the admission of evidence, instructions to the jury, denial of appellant's motion for an instructed verdict, and in refusing to take the case from the jury upon respondents having moved at the close of the trial for an instructed verdict, etc. In view of the conclusion arrived at, it is not deemed necessary to consider any of appellant's assignments of error.

Respondents contend that there has been no compliance with the statute relative to summary foreclosure of chattel mortgages sufficient to entitle appellant to maintain this action. We think this is correct.

C. S., sec. 6380, provides that the affidavit of foreclosure "shall be sufficient authority to demand and receive possession of the property, if the same can be taken peaceably, but if it cannot be so taken, then such affidavit must be placed in the hands of the sheriff of the county or the constable in the precinct where the property is located, together with a notice signed by the mortgagee, his agent or attorney, requiring such officer to take the mortgaged property into his possession and sell the same."

The evidence shows that Shaw, agent for appellant, served no demand nor affidavit upon any of the respondents for possession of the mortgaged property, but executed the affidavit required by C. S., sec. 6380, and delivered it to the sheriff of Gooding county for service, who made return that he served a true copy of the "affidavit and notice," also a notice stating the "time and place of sale," etc., upon all of the mortgagors except H. L. Barker. No notice requiring the sheriff to take possession of the mortgaged property, and no notice of the time and place of sale

are in evidence. It affirmatively appears that respondent Barker, at the time of the foreclosure proceedings, was not in Gooding county.

The sheriff's return and the record before us are silent as to where, or in whose possession, the mortgaged property was at the time the sheriff seized it.

This court has announced the rule that—

■ "The provisions of law relative to the summary foreclosure of chattel mortgages must be strictly followed. If there is a deviation therefrom, and the property is sold by, or through the acts or procurement of the mortgagee, without such compliance with the statutes, he cannot thereafter maintain any action to collect the deficiency." (*First National Bank v. Poling*, 42 Ida. 636, 248 Pac. 19; *Garrett v. Soucie*, 46 Ida. 289, 267 Pac. 1078; *Gandiago v. Finch*, 46 Ida. 657, 270 Pac. 621.)

The rule prevails in this jurisdiction that where the mortgagor cannot be found within the county in which a chattel mortgage is being summarily foreclosed, the mortgagee is not required to make demand for peaceable possession of the mortgaged property before placing his affidavit in the hands of the sheriff for service. (C. S., sec. 6381; *Hudson v. Carlson*, 31 Ida. 196, 170 Pac. 100; *First National Bank v. Poling, supra.*)

In the last of the cases cited, the mortgagors were all absent from the county in which the summary foreclosure was had. Here appellant contends that because one of eight mortgagors is shown to have been absent from the county where the foreclosure proceedings were pending, it was excused from making demand for peaceable possession before delivering the affidavit and notice to the sheriff.

This provision (C. S., sec. 6380) is designed for the protection of the mortgagor against costs and expenses of foreclosure by the sheriff. (*Tappin v. McCabe*, 27 Ida. 402, 149 Pac. 460.)

■ To entitle appellant to maintain this action, it was necessary for its officer, agent, or attorney to personally serve the affidavit required by the provisions of C. S., sec.

6380, upon each of the mortgagors found within Gooding county, and, if possible, obtain peaceable possession of the mortgaged property. If such possession was then refused, it is authorized by the statute to deliver the affidavit to the sheriff or constable for service, with directions to seize and sell the mortgaged property. Only when peaceable possession of the property is refused, or all the mortgagors are out of the county where the foreclosure is had, can the foreclosure proceedings be conducted by the officer.

Judgment affirmed. Costs to respondents.

Budge, C. J., and Givens and Wm. E. Lee, JJ., concur.