(No. 5677.   October 8, 1931.)

J. H. STANDLEE, Appellant, v. E. H. HAWLEY and RETA G. HAWLEY, Respondents.

[4 Pac. (2d) 340.]

James R. Bothwell and W. Orr Chapman, for Appellant.

Sweeley & Sweeley, for Respondents.

BUDGE, J.—Appellant brought this action to recover an alleged deficiency remaining after summary foreclosure of a chattel mortgage and caused a writ of attachment to be issued and levied upon certain real property. The mortgage in question was given to appellant by respondents and covered an undivided one-half interest in certain personal property. General demurrers to the amended complaint were filed by respondents and were overruled. Thereupon respondent W. H. Hawley answered by general denial and set up a counterclaim for damages. Respondent Reta G. Hawley denied generally the allegations of the amended complaint and further denied that in her separate capacity

she had or made any claim to the mortgaged property. Upon these issues the cause was tried to the court. Findings of fact and conclusions of law were made and filed and judgment was rendered denying any relief to appellant, awarding respondent one dollar damages and dissolving the attachment. This appeal is from the judgment.

The court found that appellant, prior to placing the affidavit in the hands of the sheriff "made no demand at all upon the mortgagor Reta G. Hawley, and that any demand made by him upon the mortgagor, E. H. Hawley, was made prior to the making of such affidavit" and that he did not "on the authority of said affidavit make demand on the mortgagors for the peaceable possession of the said property," and concluded as a matter of law that plaintiff did not comply with the statutory requirements for the summary foreclosure of the chattel mortgage and the same was not lawfully foreclosed.

Appellant testified that when the note for which said chattel mortgage was given as security became due, appellant served a written demand for possession of the personal property covered by the mortgage upon respondent E. H. Hawley, which was denied by said respondent. Appellant testified that thereafter he consulted his attorneys relative to foreclosure and that after the papers were prepared and until the sale he did not talk to respondents, did not deliver any papers to them, never at any time talked to respondent Reta G. Hawley, and that "after the papers were prepared the officers did it all." The affidavit which was delivered to the sheriff recites that appellant "has demanded the peaceable possession of said mortgaged property from the said mortgagors" and refusal to comply with such demand. Upon this affidavit and written request of attorneys for appellant the sheriff noticed for sale and sold the property covered by said chattel mortgage, the amount realized from the sale being less than the amount due upon the note.

C. S., secs. 6380 and 6381, provide respectively as follows:

"In proceeding to foreclose by notice and sale, the mortgagee, his agent or attorney, must make an affidavit stating the date of the mortgage, the names of the parties thereto, a full description of the property mortgaged and the amount due thereon. Such affidavit shall be sufficient authority to demand and receive possession of the property, if the same can be taken peaceably, but if it cannot be so taken, then such affidavit must be placed in the hands of the sheriff of the county or the constable in the precinct where the property is located, together with a notice signed by the mortgagee, his agent or attorney, requiring such officer to take the mortgaged property into his possession and sell the same."

"The affidavit must be personally served upon the mortgagor and upon the person having possession of the mortgaged property, in the same manner as is provided by law for the service of a summons. At the time of the service of the affidavit, the person or officer making such service must also serve upon the same persons, a notice signed by himself, setting forth a full description of the property, the amount claimed to be due by the mortgagee, and the time and place of sale; Provided, That if the mortgagor cannot be found within the county wherein the mortgage is being foreclosed, the general notice of sale directed in the next section is sufficient service upon the mortgagor of both said affidavit and notice."

In *Advance Rumley Thresher Co., Inc., v. Ayers*, 47 Ida. 514, 518, 277 Pac. 20, 21, this court, speaking of an action for deficiency by a corporation said:

"To entitle appellant to maintain this action, it was necessary for its officer, agent or attorney to personally serve the affidavit required by the provisions of C. S., sec. 6380, upon each of the mortgagors found within Gooding county, and, if possible, obtain peaceable possession of the mortgaged property. If such possession was *then* refused, it is authorized by the statute to deliver the affidavit to the sheriff or constable for service, with directions to seize and sell the mortgaged property."

In that case also the court said:

"This court has announced the rule that—'The provisions of law relative to the summary foreclosure of chattel mortgages must be strictly followed. If there is a deviation therefrom, and the property is sold by, or through the acts or procurement of the mortgagee, without such compliance with the statutes, he cannot thereafter maintain any action to collect the deficiency.' (*First National Bank v. Poling,* 42 Ida. 636, 248 Pac. 19; *Garrett v. Soucie,* 46 Ida. 289, 267 Pac. 1078; *Gandiago v. Finch,* 46 Ida. 657, 270 Pac. 621.) . . . . This provision (C. S., sec. 6380) is designed for the protection of the mortgagor against costs and expenses of foreclosure by the sheriff. (*Tappin v. McCabe,* 27 Ida. 402, 149 Pac. 460.)"

It is clear from the record that respondent Reta G. Hawley was a mortgagor; that no demand of any kind was ever made upon her before the making of said affidavit or otherwise; and that appellant never served said affidavit upon her and no showing is made by appellant that she was without the county. It is equally clear from the record that respondent E. H. Hawley was a mortgagor; that if a demand for peaceable possession of the mortgaged property was made upon him by appellant it was made prior to the making of the affidavit for summary foreclosure; that no demand was made upon said E. H. Hawley after the affidavit was prepared; and that appellant did not serve or attempt to serve the affidavit upon E. H. Hawley before placing the same in the hands of the sheriff. No showing was made by appellant that E. H. Hawley was not within the county while the evidence shows that he was within the county.

The demand for peaceable possession of the mortgaged property based upon the authority of the affidavit and the service of the affidavit upon all of the mortgagors within the county by the mortgagee, his agent or attorney, being essential prerequisites to placing the affidavit in the hands of the sheriff, and these essential prerequisites not having been complied with by appellant, it follows that the court

was correct in holding that such statutory requirements had not been complied with; that said chattel mortgage was not lawfully foreclosed and that there was no lawfully established deficiency and in awarding judgment in favor of respondents.

While there are other errors assigned we do not deem it necessary to discuss them in view of the disposition made of this case.

The judgment is affirmed. Costs awarded to respondents.

Lee, C. J., and Givens, Varian and McNaughton, JJ., concur.