(No. 5704. December 17, 1931.)

M. M. PETERSON and HAZEL PETERSON, Husband and Wife, Respondents, v. HAILEY NATIONAL BANK, a Corporation, Appellant.

[6 Pac. (2d) 145.]

Roy Van Winkle, for Appellant, cites no authorities on points decided.

A. F. James, for Respondents.

VARIAN, J.—█ Action for conversion against mortgagors. The complaint alleges, in substance, the giving of two promissory notes on November 1, 1928, each due six months after date; the execution and delivery of a chattel mortgage, copy attached, on December 14, 1928, to secure payment thereof; that after execution, without knowledge or consent of plaintiffs the mortgage was materially altered by defendant (appellant) in the following particular, viz., ''the year '1928' as the same appears in the chattel mortgage in connection with certain crops, was altered and changed to read '1929' ''; that the mortgaged property represented all of the livestock and farm machinery then being used by plaintiffs in the course of their farming operations; that after execution of said chattel mortgage plaintiffs paid $433.61 to defendant to be applied in part payment of said notes; that on October 9, 1929, the sheriff served an affidavit and notice of sale, signed by him, upon plainitffs and took into his possession all of said property then in existence; that

he sold, acting pursuant to said affidavit and notice all the then existent property described in said chattel mortgage for the sum of $2,749, and sets up a list of the property sold and the prices received therefor; that defendant did not serve upon plaintiffs, prior to October 9, 1929, or at all, the affidavit and demand for peaceable possession of the mortgaged property, required by the provisions of the statute then in force, C. S., sec. 6380 (now amended, Sess. Laws 1931, chap. 110, p. 190); that certain enumerated exempt property included in said chattel mortgage was of the reasonable market value of $860; that the reasonable market value of all the property covered by said chattel mortgage was, at the date and place of sale, $4,540; that after the sale of October 19, 1929, defendant sold certain wool, clipped during the spring of 1929, from the mortgaged sheep, and received therefor $461.58; and that no part of said sum, nor the value of the exempt property, has been paid to defendants; and that defendant has not accounted for, or credited, the amount received from the sale of October 19, 1929.

Appellant demurred to the complaint generally that it did not state a cause of action. Under the familiar rule, if the complaint states a cause of action that will put defendant upon his defense, the order overruling a general demurrer must be sustained. (*Steinour v. Oakley State Bank*, 32 Ida. 91, 177 Pac. 843; *Outlook Farmers' Elevator Co. v. American Surety Co.*, 70 Mont. 8, 223 Pac. 905; *Des Moines Nat. Bank v. Fairweather*, 191 Iowa, 1240, 181 N. W. 459, 184 N. W. 313.)

Chattel mortgages may be foreclosed by notice and sale, or by action in the district court. (C. S., sec. 6379.) Prior to its amendment, *supra*, C. S., sec. 6380, read as follows:

"In proceeding to foreclose by notice and sale, the mortgagee, his agent or attorney, must make an affidavit stating the date of the mortgage, the names of the parties thereto, a full description of the property mortgaged, and the amount due thereon. Such affidavit shall be sufficient authority to demand and receive possession of the property, if the same can be taken peaceably, but if it can not be so taken, then such affidavit must be placed in the hands of the sheriff of

the county or the constable in the precinct where the property is located, together with a notice signed by the mortgagee, his agent or attorney, requiring such officer to take the mortgaged property into his possession and sell the same.''

The complaint alleges that no demand for possession of the mortgaged property was ever made by appellant prior to its seizure by the sheriff.

This court, in interpreting the above statute, has consistently followed the rule that ''the provisions of law relative to the summary foreclosure of chattel mortgages must be strictly followed. If there is a deviation therefrom, and the property is sold by, or through the acts or procurement of the mortgagee, without such compliance with the statutes he cannot thereafter maintain any action to collect the deficiency.'' (*First Nat. Bank v. Poling,* 42 Ida. 636, 643, 248 Pac. 19; *Garrett v. Soucie,* 46 Ida. 289, 267 Pac. 1078; *Gandiago v. Finch,* 46 Ida. 657, 666, 270 Pac. 621; *Advance Rumley T. Co. v. Ayres,* 47 Ida. 514, 277 Pac. 20; *Standlee v. Hawley, ante,* p. 129, 4 Pac. (2d) 340.) Said provisions are ''mandatory and must be strictly complied with.'' (*McDougall v. Kasiska,* 48 Ida. 424, 282 Pac. 943.) And in *Advance Rumley T. Co. v. Ayres, supra,* it was stated that ''only when peaceable possession of the property is refused, or all the mortgagors are out of the county where the foreclosure is had, can the foreclosure proceedings be conducted by the officer.''

While it has been said the provision requiring demand by the mortgagee, or his agent, for peaceable possession of the mortgaged property was designed for the protection of the mortgagor against costs and expenses of foreclosure (*Tappin v. McCabe,* 27 Ida. 402, 149 Pac. 460; *Advance Rumley T. Co. v. Ayres, supra; Standlee v. Hawley, supra*), the failure to follow the statute in that respect is not cured by the mortgagee himself paying the sheriff's costs and charges on foreclosure and not deducting the same from the proceeds of the sale.

The mortgagee cannot lawfully seize mortgaged property in any other manner than that provided by C. S.,

sec. 6380 (now amended, *supra*) and when he sells it in any other manner than that directed by statute "he is guilty of conversion, and becomes liable to the mortgagor the same as anyone else who converts property to his own use." (*Marchand v. Ronaghan*, 9 Ida. 95, 72 Pac. 731; citing *Burton v. Randall*, 4 Kan. App. 593, 46 Pac. 326; *Trudell v. Hingham State Bank*, 62 Mont. 557, 205 Pac. 667, defective notice.)

In an action for an accounting and damages for conversion, where it appears three separate chattel mortgages, covering different bands of sheep in two different counties and securing payment of separate promissory notes, were foreclosed by notice and sale, this court held that embracing all of the mortgages in a blanket affidavit, in one foreclosure proceeding, was not sufficient compliance with the provisions of C. S., sec. 6380, and upheld a verdict for plaintiff. (*McDougall v. Kasiska, supra.*)

In *Advance Rumely T. Co. v. Brady*, 47 Ida. 726, 278 Pac. 224, an action for deficiency, defendant set up conversion as an affirmative defense, and also by way of cross-complaint, because the chattel mortgage had not been lawfully foreclosed. The court (not passing upon the precise point here) said:

"Conceding but not deciding that, because of failure to demand possession prior to foreclosure, respondent was entitled to urge conversion, the measure of damages in such case would be the value of the converted chattel at the time of the conversion."

And where a chattel mortgage is foreclosed, by notice and sale, before the debt secured thereby is due, a cause of action in conversion arises. (*First Sav. Bank v. Sherman*, 33 Ida. 343, 195 Pac. 630; *Gunnell v. Largilliere Co.*, 46 Ida. 551, 269 Pac. 412.)

■ We conclude that, prior to the amendment, *supra*, of C. S., sec. 6380, if the mortgagee, or holder of a chattel mortgage, in foreclosing the same by notice and sale, fails to first demand peaceable possession of the mortgaged property of the mortgagors residing in the county where the foreclosure takes place before delivering the affidavit to the sheriff for

further proceedings, he is guilty of conversion. In this action, therefore, the complaint states a cause of action in conversion and the demurrer was properly overruled.

The trial court likewise denied a motion to strike the paragraphs of the complaint alleging the reasonable value of the property at the time of the conversion and the amount realized therefor by the sheriff at his sale. The measure of damages for the conversion is the market value of the property at the time and place of sale, plus special damages caused by the taking, if specially pleaded, and interest. (*Averill Machinery Co. v. Vollmer-Clearwater Co.*, 30 Ida. 587, 166 Pac. 253; *Gunnell v. Largilliere Co., supra.*) From this sum the holder of the mortgage is allowed to offset the amount of the mortgage debt and interest to date of conversion. (*Advance Rumely T. Co. v. Brady, supra.*) It was necessary, therefore, for the jury to find the amount of principal and interest due mortgagee, and the market value of the property sold, in order to reach a verdict. While the amount the property brought at the sheriffs' sale was not necessary to a determination of the case, it was one of the facts relating to the transaction the alleging of which was not reversible error. Overruling the motion to strike was therefore not prejudicial error.

The court properly denied appellant's motion to separately state the cause of action set forth in paragraph 13 of the complaint, alleging that certain wool belonging to respondents was sold by appellant after the sheriff's sale for which no credit had been given on the mortgage notes. This was not a separate cause of action but simply an allegation showing respondents to be entitled to a certain credit on their mortgage indebtedness.

Appellant assigns as error the giving of instructions five and six to the effect that a material alteration of a chattel mortgage, by one of the parties thereto without the knowledge or consent of the other, after execution and delivery thereof, so as to include property therein not included in the mortgage, destroys the lien of the mortgage and right to foreclose the same. These instructions state the law applicable

to the facts in evidence and cover issues raised by the pleadings. (1 R. C. L. 990; 2 C. J. 1175 and 1202; *Criner v. Davenport-Bethel Co.*, 144 Okl. 74, 289 Pac. 742.)

Appellant complains of instructions seven, eight and nine, which stated, in effect, the statutory exemptions from execution; that in case the jury found the mortgage had been materially altered, after delivery, the mortgagee defendant was not entitled to have the value of any of the mortgaged exempt property subjected to the payment of the mortgage debt; and stated the rule for assessing damages, making proper allowance for the value of the exempt property. By deducting, from the amount of the mortgage debt, the amount of the proved market value of the property at the time and place of conversion, we find that the jury found a slightly lesser amount than the proof showed, and a greater amount than the total market value of the exempt items. It is apparent, therefore, that the jury did not reach its verdict upon the theory that the mortgage was materially altered and therefore void, but upon the sole theory that the mortgage was not lawfully foreclosed. Appellant was not prejudiced to his injury by the giving of said instructions, or by the refusal to give its proposed instructions involving the same issue. The jury were also correctly instructed that under the undisputed evidence the chattel mortgage was illegally foreclosed. It was not error for the reason that, the facts being undisputed, it was a question of law for the court as to whether the chattel mortgage had been illegally foreclosed. (*McDougall v. Kasiska, supra.*)

Appellant requested that the court submit certain interrogatories, nine in number, to be answered by the jury. The action being for the recovery of money only it was within the discretion of the trial judge whether he would instruct the jury to find upon particular questions of fact if they found a general verdict. (C. S., sec. 6861; *Tsuboi v. Cohn*, 40 Ida. 102, 39 A. L. R. 851, 231 Pac. 708; *Fodey v. Northern Pac. Ry. Co.*, 21 Ida. 713, 123 Pac. 835; *Lufkins v. Collins*, 2 Ida. 256, 10 Pac. 300.) The record

failing to show an abuse of discretion on the part of the trial judge this assignment is without merit.

▮ Attention is called to the fact that both the clerk and court reporter have copied the instructions given, and those requested, in their respective transcripts in this case, so that two copies of each appear in the record before us— a useless and expensive duplication. The practice seems to obtain in many sections of the state, therefore attention is directed to the provisions of C. S., sec. 6886, as amended, Sess. Laws 1927, chap. 33, p. 42, requiring the court reporter to include in his transcript "the testimony and proceedings, including the instructions given, or refused." Where there is a reporter's transcript counsel for appellant should not request the instructions "given, or refused" in his praecipe to the clerk, since the statute imposes the duty on the court reporter to include them in his transcript.

Finding no substantial error the judgment is affirmed.

Lee, C. J., and Budge, Givens and McNaughton, JJ., concur.