(No. 6879. October 30, 1941)

A. E. ARENS, doing business under the name and style of NAMPA TRACTOR COMPANY, Respondent, v. CARL A. SCHEELE, Appellant.

(119 Pac. (2d) 261)

Rehearing denied December 9, 1941.

190

Frank F. Kibler and Ariel L. Crowley, for Appellant.

F. A. Hagelin and Dunlap & Dunlap, for Respondent.

MORGAN, J.—September 20, 1935, appellant executed and delivered to respondent two promissory notes, one due October 1, 1936, for $320 and the other due October 1, 1937, for $320.49. To secure payment of said notes, he executed and delivered to respondent a chattel mortgage on a tractor, a two-way gang plow and a disk harrow. July 14, 1936, appellant executed and delivered to respondent three promissory notes, one for $236, due August 15, 1936, another for $237, due October 1, 1936, and the other for $237, due October 1, 1937. To secure the payment of these three notes, appellant executed and delivered to respondent a chattel mortgage on a combined harvester. Each of the five notes bore interest at the rate of 8% per annum.

September 11, 1937, respondent made affidavit wherein he alleged the execution and delivery of the notes to him and that those secured by the mortgage on the tractor, the plow and the disk had not been paid. He also alleged the execution and delivery of the notes secured by the mortgage on the combined harvester and that those due October 1, 1936 and October 1, 1937, respectively, had not been paid. His affidavit contains an allegation of the execution and delivery of the mortgages given to secure payment of the notes, and a particular description of the property mortgaged; also that the indebtedness evidenced by the unpaid notes was due.

September 13, 1937, L. F. Geisler and C. H. King, employed by respondent to assist in conducting his business,

went to the farm of appellant in Ada County and, finding nobody at home, took possession of the mortgaged property and removed it to respondent's place of business in Nampa, Canyon County. The record shows that at the time the property was taken appellant was temporarily absent from the state.

Ben Newman testified he had been employed by appellant and had operated the machinery covered by the mortgages, while working for him, a period of about two years; that September 12, 1937, he brought the tractor and combined harvester from a place in Canyon County, where he had been operating them, to the farm of appellant in Ada County and left them in front of a shed; that he returned the next morning to put them in the shed and they were gone, he did not know where.

H. G. JOHNSON testified:

"Q. Mr. Johnson, on the 13th you say you were not on the place when you noticed the property was being moved from one place to another; this property was being removed from the Scheele place while you were on the place at that time?

"A. No, not right on it, on Mr. Scheele's place, not right on the ground.

"Q. You were where you saw?

"A. Not right on the ground; the Scheele place, I was not on that.

"Q. You were not there at that time?

"A. No, my place joins right next to it.

"Q. Did you see the property being taken?

"A. I saw it being moved up there.

"Q. You saw it being moved off?

"A. I thought it was coming home. When Mr. Scheele left, he left me in charge of it when Mr. Newman was through with it."

If Geisler or King made any effort to find appellant or Newman or Johnson, or anyone else in possession of the mortgaged property, or authorized to represent appellant with respect to it, the record does not show it. They took the machinery to respondent's place of business, in Nampa, and put it on his premises.

Respondent caused the affidavit and notice to be placed in the hands of the sheriff of Canyon County. The sheriff's return of his proceedings pursuant to the affidavit and notice recites:

"that I received the annexed affidavit and notice of Foreclosure of Chattel Mortgages on the 13th day of September, 1937, and personally served the same by delivering to and leaving with C. H. KING (who was in charge of the property), personally, a copy of said affidavit attached to a copy of said notice, on the 13th day of September, 1937, in Nampa, Canyon County, Idaho, and after due search and diligent inquiry I was unable to find Carl A. Scheele, the said Mortgagor within the County of Canyon, State of Idaho; * * * "

The sheriff's return further shows he posted three notices of foreclosure sale in three public places in Nampa, in the precinct where the sale was to be held, and a copy of the notice of sale is affixed to his return, containing a description of the mortgaged property, and stating the time and place where it would be sold, as follows:

"NOTICE IS HEREBY FURTHER GIVEN, That on Monday, the 20th day of September, 1937, at the hour of 1:00 o'clock P. M. of said day, at the Implement Yard of said NAMPA TRACTOR CO., at No. 113 Eleventh Avenue North, in Nampa, Canyon County, Idaho, I will sell all of the personal property hereinafter described and belonging to the said Carl A. Scheele, at public auction for cash, lawful money of the United States of America, to the highest and best bidders for cash, to satisfy said amounts due the said NAMPA TRACTOR CO. from the said Carl A. Scheele."

The return shows the sheriff did, at the time and place designated in the notice, sell the property described therein to respondent for $600; that, after deducting his commission and expenses of sale, amounting to $21.09, he paid the balance, $578.91, to respondent's agent, Geisler.

This action was commenced by respondent to recover a deficiency judgment against appellant. Trial resulted in judgment in respondent's favor for $831.60. This appeal is from the judgment.

Idaho Code Annotated, § 44-1009 permits the foreclosure of a chattel mortgage by notice and sale, as in subsequent sections provided, or by action in the district court having jurisdiction in the county in which the mortgaged property is situated. § 44-1010 is:

"In proceeding to foreclose by notice and sale, the mortgagee, his agent or attorney, must make an affidavit stating the date of the mortgage, the names of the parties thereto, a full description of the property mortgaged, and the amount due thereon. Such affidavit shall be sufficient authority to demand and receive possession of the property, if the same can be taken peaceably, but if it can not be so taken, then such affidavit must be placed in the hands of the sheriff of the county or constable in the precinct where the property is located, together with a notice signed by the mortgagee, his agent or attorney, requiring such officer to take the mortgaged property into his possession and sell the same.

"Provided, however, that the mortgagee, his agent, or attorney, may elect to place said affidavit and notice in the hands of the sheriff or constable in the first instance, without first attempting to obtain peaceable possession by personal demand; and, upon said election being set forth in the affidavit aforesaid, said sheriff or constable shall immediately proceed hereunder as provided by statute for the foreclosure of chattel mortgages by notice and sale by the sheriff or constable."

In his affidavit, made September 11, and delivered to the sheriff September 13, 1937, respondent stated:

"That this affiant hereby elects to place this Affidavit and notice in the hands of the Sheriff of Canyon County, Idaho, in the first instance, without first attempting to obtain peaceable possession by personal demand and herewith requests that said Sheriff of Canyon County, Idaho, immediately proceed hereunder, as provided in sections 44-1010, 44-1011, 44-1012, 44-1013 and 44-1014, I. C. A. for the foreclosure of Chattel Mortgages by Notice and Sale."

It will be observed that the affidavit was made the day before the property was seized and removed from Ada County into Canyon County by respondent's agents and

that, at the time respondent caused the affidavit and notice to be delivered to the sheriff, the mortgaged property was in his possession, on his premises.

 Although the sheriff's return states he served the affidavit and notice of foreclosure of the chattel mortgages "by delivering to and leaving with C. H. KING (who was in charge of the property)," a copy thereof, the property was in respondent's possession. King and Geisler were respondent's agents and every act they, or either of them, performed with respect to taking, removal and retention of the property was within the scope of their agency and was the act of respondent, their principal. *Bevercombe v. Denney & Co.*, 40 Ida. 34, 231 Pac. 427; 21 R. C. L. 844, 904, § 25, § 81; 3 C. J. S. 138, § 231.

With respect to the service of the affidavit and notice, Mr. King testified:

"Q. What, if anything, did Mr. Meyer [the sheriff] do at that time so far as you are concerned?
"A. He handed me some papers there and I asked him what that was.
"Q. Did he tell you?
"A. No, he said nothing to amount to anything.

 \* \* \*

"Q. You didn't read the papers?
"A. No.
"Q. Did you know what they were about, generally?
"A. No, I didn't know what they were about at all.
"Q. When did you find out what they was?
"A. All I knowed, it said something about a combine and tractor; that is all I know.
"Q. What did you do with the papers?
"A. I told him I would do what I wanted with them.
"Q. What did you do?
"A. I put them in the waste-basket.
"Q. On Tractor Company premises?
"A. Yes, sir.
"Q. And you do not have the papers at this time?
"A. No, sir.

"Q. At the time the sheriff handed you the papers, was Mr. Geisler present?

"A. No, sir.

"Q. Or Mr. Arens?

"A. Mr. Arens come back with the sheriff.

"Q. At that time, did you have any conversation with Mr. Arens?

"A. No, sir.

"Q. He never said anything to you?

"A. No."

Our statute gives a mortgagee option to foreclose his chattel mortgage by action in district court or by notice and sale. Respondent elected to foreclose by notice and sale. Having so elected, he had option to demand and receive possession of the mortgaged property, if it could be taken peaceably. If it could not be so taken, of if the mortgagee elected to do so without taking possession of the property, he could place the affidavit and notice in the hands of the sheriff, or constable of the precinct where the property was located, and require such officer to take the mortgaged property into his possession and sell it.

A mortgagee who elects to avail himself of the services of a sheriff, to foreclose his chattel mortgage, must place his affidavit and notice in the hands of the sheriff of the county wherein the mortgaged property is located.

To justify the removal of the property from Ada County to Canyon County, respondent relies on the following provisions in the mortgages:

"but if default be made in the payment of said debt, according to conditions of said notes, or if the undersigned shall dispose of or remove any part of said property from the county above written without the written consent of the mortgagee, or shall fail to take care of said property whereby any part shall become depreciated; or if any lien shall be levied on said property or any part thereof, or if the same shall come into the hands of any executor, administrator, or assignee to be sold, or if said mortgagee shall deem itself insecure, then and

from thenceforth all unpaid on said notes, whether due or not due according to their terms, shall then become immediately due at the option of party of the second part, or its assigns without notice; and it shall be lawful for the said mortgagee, its agents or assigns, to enter upon the premises of said mortgagors or any place where said property may be, and take possession thereof and remove the same to any place it may deem best and sell the same at public sale after giving not less than ten (10) days' notice by a written or printed notice, to be posted at three (3) or more public places in the vicinity where the sale is to be made, or by giving the notice thereof as by statutes of the state in such cases made and provided";

A stipulation in a chattel mortgage authorizing the mortgagee, on the happening of a certain contingency, to take possession of the mortgaged property, is not prohibited by law, and is valid. *Martin v. Holloway,* 16 Ida. 513, 102 Pac. 3; *Blackfoot City Bank v. Clements,* 39 Ida. 194, 226 Pac. 1079.

Sections 44-1011 and 44-1012 provide:

"44-1011. The affidavit must be personally served upon the mortgagor and upon the person having possession of the mortgaged property, in the same manner as is provided by law for the service of a summons. At the time of the service of the affidavit, the person or officer making such service must also serve upon the same persons, a notice signed by himself setting forth a full description of the property, the amount claimed to be due by the mortgagee, and the time and place of sale; provided, that if the mortgagor can not be found within the county wherein the mortgage is being foreclosed, the general notice of sale directed in the next section is sufficient service upon the mortgagor of both said affidavit and notice."

"44-1012. The person or officer having such affidavit must take the property into his possession and give notice of sale in the same manner and for the same length of time as is required in the case of the sale of like property on execution, and the sale must be conducted in the same manner."

The statutory provisions, requiring a chattel mortgage to be foreclosed in the county wherein the mortgaged property is located, and for service of the affidavit and notice on the mortgagor, if he can be found, or, on the person having possession of the mortgaged property, if he cannot be found, is for the mortgagor's protection, by giving him personally, or through his agent, notice of the foreclosure, or, in case he has transferred the property to another, for the protection of the transferee, by giving him such notice. Removal of the property from the county, by the mortgagee, in order to thwart the purposes of said provisions, or resulting in that, renders the foreclosure void.

In *Peterson v. Hailey Nat. Bank,* 51 Ida. 427, 431, 6 Pac. (2d) 145, 147, it is said:

"This court, in interpreting the above statute, [§ 44-1010] has consistently followed the rule that 'the provisions of law relative to the summary foreclosure of chattel mortgages must be strictly followed. If there is a deviation therefrom, and the property is sold by, or through the acts or procurement of the mortgagee, without such compliance with the statutes he cannot thereafter maintain any action to collect the deficiency.' (*First Nat. Bank v. Poling,* 42 Ida. 636, 643, 248 Pac. 19; *Garrett v. Soucie,* 46 Ida. 289, 267 Pac. 1078; *Grandiago v. Finch,* 46 Ida. 657, 666, 270 Pac. 621; *Advance Rumley T. Co. v. Ayres,* 47 Ida. 514, 277 Pac. 20; *Standlee v. Hawley, ante,* p. 129, 4 Pac. (2d) 340.) Said provisions are 'mandatory and must be strictly complied with.' "

See, also, *Rein v. Callaway,* 7 Ida. 634, 65 Pac. 63; *Brockman v. Caviness,* 61 Ida. 254, 100 Pac. (2d) 946.

In the Peterson case, it is further said:

"The mortgagee cannot lawfully seize mortgaged property in any other manner than that provided by C. S., sec. 6380 (now amended, *supra*) [I. C. A., § 44-1010] and when he sells it in any other manner than that directed by statute 'he is guilty of conversion, and becomes liable to the mortgagor the same as anyone else who converts property to his own use.' (*Marchand v. Ronaghan,* 9 Ida. 95, 72 Pac. 731; * * * "

The judgment appealed from is reversed and the cause is remanded to the district court for further proceedings consistent with the views herein expressed.

Costs are awarded to appellant.

Budge, C.J., and Givens, Holden and Ailshie, JJ., concur.