[Civ. No. 3494.  Second Appellate District, Division One.—February 17, 1921.]

## DONICO ZARILLO, Appellant, v. LOUIS LE MESNAGER, Respondent.

[1] CONVERSION—MORTGAGED PERSONAL PROPERTY — CROSS-COMPLAINT FOR FORECLOSURE—SETOFF—VALIDITY OF JUDGMENT.—In an action by a mortgagor against a mortgagee for the conversion of a motor-truck in which the mortgagee filed a cross-complaint for judgment of foreclosure of the mortgage, it was proper for the court to render judgment for the mortgagee for the amount of

the debt after offsetting damages sustained by the mortgagor from the conversion.

[2] CHATTEL MORTGAGE — CONVERSION BY MORTGAGEE — WAIVER. — A mortgagee of personal property by conversion of the property to his own use waives his mortgage lien.

[3] PLEADING—COUNTERCLAIM—CROSS-COMPLAINT—MISNOMER IMMATE-. RIAL.—It is immaterial by what name a pleading is called, whether counterclaim or cross-complaint, if it contains a statement of facts and sufficient prayer to authorize the relief sought.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Will D. Gould for Appellant.

Lewis Sherman Jones and Frank C. Hoyt for Respondent.

JAMES, J.—Plaintiff sued to recover the value of a certain motor-truck, alleging that defendant had unlawfully converted the same to his own use. The value of the truck was alleged to be the sum of $2,000. Judgment was entered in favor of the defendant for the sum of $324.25, with interest and costs, from which judgment plaintiff has appealed.

[1] There was an answer and an alleged cross-complaint in which the transactions concerning the motor-truck had between the plaintiff and the defendant were set out. In it defendant alleged that he took possession of the motor-truck of the plaintiff in a claim and delivery action based upon a condition of a chattel mortgage which was a lien against the truck in his favor. He set forth the facts concerning the mortgage transaction in his alleged cross-complaint and in the prayer thereof demanded judgment in the sum of $1,024.25, with interest and attorneys' fees as being due him upon the mortgage obligation, and further prayed for a decree of foreclosure. The court found the facts generally as they were pleaded in the answer and alleged cross-complaint, determining, however, that the defendant had converted the motor-truck to his own use after obtaining possession thereof, and found, further, that the value of the motor-truck was $700, and offset this value

against the debt owing by the plaintiff to the defendant, the resulting figures entering into the judgment being as first above stated. So far as the facts are concerned, the bill of exceptions show that there was evidence to sustain all the findings of the court. The plaintiff objected to any evidence being introduced under the cross-complaint on the ground that it was improperly made a pleading in the action, and consistently insisted upon that point throughout the trial. It may be admitted as sound law that a judgment of foreclosure would not have been proper to be entered as against the plaintiff in his action of conversion. However, the court did not render a judgment meeting the prayer for that particular equitable relief, but took the account of the defendant and adjusted the two debts with the result stated. The cross-complaint set out all of the facts respecting the existence of the mortgage debt. [2] Assuming, as we must, that defendant had converted the mortgaged property to his own use, he thereby waived his mortgage lien, and the plaintiff, by suing in conversion adopted this condition as being established. (*Story & Isham Co.* v. *Story,* 100 Cal. 30, [34 Pac. 671].) In the case cited there was a counterclaim as against the cause of action for conversion, the counterclaim being based upon a cause of action connected with the property alleged to have been converted. The court therein, confirming the right in the defendant to have her accounts adjusted against the plaintiff, said: "By treating the goods as the property of the defendant and suing merely for their value, the plaintiff has elected to treat the obligation as of a fixed value, and it is immaterial in what form it stated its cause of action. In either case it would be competent for Mrs. Story to show that by virtue of the agreement between them the property had been subjected to the payment of the plaintiff's obligation to her, and that she had made such application, and to ask that the remainder of the unperformed part of the contract should be enforced." [3] If it may be said that the matter set up by the defendant should have been presented by way of counterclaim rather than cross-complaint, the answer is, as has often been held, that it is immaterial by what name a pleading is called, whether cross-complaint or counterclaim, if it contains a statement of facts and sufficient prayer to authorize

the relief sought. The cross-complaint here did set out the facts concerning the debt of the plaintiff and judgment was asked for the amount due. We find no error requiring us to disturb the judgment as entered.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 18, 1921.

All the Justices concurred.