(No. 5092. June 6, 1929.)

ADVANCE–RUMELY THRESHER COMPANY, a Corporation, Appellant and Cross-respondent, v. J. F. BRADY, Respondent and Cross-appellant.

[278 Pac. 224.]

H. R. Turner, for Appellant,

F. E. Tydeman, for Respondent.

GIVENS, J.—Respondent purchased a tractor from appellant in May, 1925, giving in payment three notes secured

by a chattel mortgage. The first note was due in November, 1925. Default having been made in its payment and by the terms of the notes the entire amount having thereby become due, appellant sought, by notice and sale, to foreclose the chattel mortgage and thereafter brought this action to recover a deficiency judgment.

Respondent in his answer set out three affirmative defenses and also counterclaimed on three causes of action. For a first defense he alleged that the chattel mortgage had not been legally foreclosed. For a second defense he alleged that a new agreement had been made by the parties in December, 1925, whereby the tractor which he had purchased in May was to be traded for a new one, he to pay the difference in price between the old and the new tractor and be allowed as a credit on the new the payments which he had made on the old. The third defense was based on alleged false representations made to respondent by appellant's agents concerning the condition of the tractor, its power and performance.

In his cross-complaint respondent stated three causes of action. The first alleged a conversion of the tractor by reason of the alleged illegal foreclosure. The second cause was, in effect, based on alleged false representations made to respondent by appellant's agents concerning a difference in the cost and effectiveness of plowing with horses and with a tractor. The third cause in the cross-complaint was based on the failure of appellant to deliver the tractor, as the result of which respondent suffered loss from his inability to cultivate his crops.

In its instructions the trial court withdrew from the consideration of the jury the third affirmative defense and the three causes of action in the cross-complaint on the ground that there was no evidence to support them. The only questions submitted concerned the legality of the foreclosure and the existence of the alleged new agreement. The jury found for the respondent. Appellant and respondent have both appealed, appellant from the judgment and respondent from the action of the trial court in withdrawing from the consideration of the jury his third affirmative defense and the allegations of his cross-complaint.

██ The evidence conclusively shows that the new contract, on which respondent bases his second affirmative defense, was not to become effective until accepted by appellant at its home office, and that it was not so accepted. All evidence relating thereto should have been stricken. Appellant, however, was not prejudiced by the failure of the court in this respect since respondent recovered nothing on account of such evidence having been introduced.

██ The third affirmative defense was based on alleged false representations made orally to respondent by appellant's agents. It did not allege fraud, nor a breach of implied warranties, nor a breach of any valid express warranties. By the terms of the contract, express warranties, to be binding, had to be in writing, and consequently allegations and proof of a breach of oral express warranties failed to state a good defense to an action based on the contract. The court did not err in withdrawing this defense from consideration by the jury.

The first cause of action in the cross-complaint, like the first affirmative defense, is based on the alleged illegal foreclosure of the chattel mortgage. Respondent, alleging a conversion of the tractor by appellant, seeks to recover damages for such conversion.

Respondent challenged the foreclosure proceedings and set up conversion (*Marchand v. Ronaghan,* 9 Ida. 95, 72 Pac. 731) on two grounds: first, that no demand had been made of the mortgagor for possession of the property prior to the foreclosure by notice and sale, and secondly, that the new purchase agreement superseded the chattel mortgage and extended the time for payment, and therefore the appellant had no right to foreclose.

██ Failure to foreclose in compliance with the statute deprives the mortgagee of the right to any deficiency. (*Garrett v. Soucie,* 46 Ida. 289, 267 Pac. 1078.) Conceding but not deciding that, because of failure to demand possession prior to foreclosure, respondent was entitled to urge conversion, the measure of damages in such case would be the value of the converted chattel at the time of the conversion. (*Unfried v. Libert,* 20 Ida. 708, 119 Pac. 885; *Hoover v.*

*Brookshire,* 32 Okl. 298, 122 Pac. 171; *Swank v. Elwert,* 55 Or. 487, 105 Pac. 901; 24 Cal. Jur. 1052.) But the damages may be mitigated by offsetting against them the amount of any lien outstanding against the property at the time of the conversion. (*Zarillo v. Le Mesnager,* 51 Cal. App. 442, 196 Pac. 902; *Jones v. Horn,* 51 Ark. 19, 14 Am. St. 17, 9 S. W. 309; *Jacobson v. Aberdeen Packing Co.,* 26 Wash. 175, 66 Pac. 419; 38 Cyc. 2103; 24 Cal. Jur. 1042.)

█ The tractor sold for $800 shortly after the alleged conversion, which was considerably less than the amount of the appellant's lien. Respondent offered no evidence to show that the machine was worth more than that, or that the sale, as conducted, was not a fair one. While the question of the value of a converted chattel is ordinarily one for the jury, there being, in this case, no evidence of value, we conclude that no error was committed by the trial court in withdrawing this question from the jury.

Likewise, the court did not err in withdrawing from the jury the second cause of action in the cross-complaint. It was based on oral representations made by appellant's agents and in view of the terms of the contract, as pointed out in the discussion of the third affirmative defense above, did not state a cause of action.

█ The third cause of action in the cross-complaint was properly dismissed because there is no evidence that respondent made any complaint to the home office of appellant for its failure to deliver the tractor at Bancroft as the contract provided. Conceding that such a provision might have been satisfied by notice to the local agent of appellant, the evidence fails to disclose any such notice. The complaints made dealt not with the failure to deliver but rather with the failure of the tractor to operate after delivery.

The judgment is affirmed.

No costs awarded.

T. Bailey Lee, Wm. E. Lee and Varian, JJ., and Baker, D. J., concur.