(No. 5209.   September 30, 1929.)

L. POITEVIN, Doing Business as the IDAHO MOTOR COMPANY, Respondent, v. REFUND CASH GRO-CERY, INC., CHARLES W. SANDLES and G. E. LaBELLE, Appellants.

[281 Pac. 4.]

Kenneth S. Mackenzie, for Appellants.

C. E. Crowley, for Respondent.

GIVENS, J.—The respondent sold an automobile to M. A. Gilliam, secretary of the Refund Cash Grocery Company, in April, 1925, taking in payment therefor his check drawn on the company's funds for $454 and an instalment note signed by him as secretary of the company for the balance. This note was immediately assigned by respondent to the General Motors Acceptance Corporation.

Gilliam had no authority to purchase the car for the Refund company and the president of the company, upon learning of the transaction, stopped payment on the check. Later, however, the Refund company agreed to keep the car and entered into a new agreement with respondent substantially similar to the original agreement of Gilliam. A new note was also signed at this time by C. W. Sandles as president of the company. This note remained in the possession of the respondent. On this second note was indorsed an agreement signed by L. Poitevin of respondent company to endeavor to obtain possession of the first note given by Gilliam and return it to the Refund company.

Both the first and second notes provided for monthly payments of $90 except that the second note provided for a payment of $558.50 in August, 1925. Monthly payments of $90 were made regularly to the Acceptance Corporation. The Refund company failed, however, to make the balance

of the August payment, due under the terms of the second note, whereupon respondent repossessed the car. Thereafter respondent resold the car for $600 and applied this amount on the balance due on the second note. Respondent then procured a reassignment to it of the first note and contract from the Acceptance Corporation and brought this action for the balance due on the purchase price.

Prior to the sale, respondent tendered both notes to the defendant and offered to return the car if the Refund company would pay the balance due under the terms of the second note.

Appellants in a cross-complaint alleged that the car had been repossessed illegally and prayed for the recovery of damages in the amount of its value at the time of the alleged conversion.

Both appellants and respondent moved for a directed verdict. The court directed a verdict for respondent and entered judgment on the note for $554.68 and $100 attorney's fees, it having been stipulated that if attorney's fees were allowed, $100 was the proper amount.

The respective rights of respondent and the Refund company are to be determined by the terms of the second note and contract, because it was clearly their intention to substitute this note for the Gilliam note. This second note may not have affected any title or interest of the Acceptance Corporation, secured to it by the Gilliam note, but upon the revesting of title to the car in respondent, which accompanied the reassignment by the Acceptance Corporation of the first note to respondent, the obligations of the Refund company were those fixed and declared in the second note.

By the terms of the second note, appellants were in default at the time this action was commenced. The complaint set out the note in full, alleged that it had been executed and delivered to the plaintiff, and that the plaintiff held the note. This was a sufficient allegation of ownership. (*McCornick v. Tolmie Bros.*, 42 Ida. 1, 243 Pac. 355; *Von Marel v. Watson*, 28 Ariz. 32, 235 Pac. 144; *Tompkins v. Rain*, 26 N. M. 631, 195 Pac. 800; *First Nat. Bank v. Lutz*, 28 N. M. 615, 216 Pac. 505.)

The demurrer to the complaint was properly overruled.

Appellants allege in their cross-complaint that the repossession of the car by the respondent constituted a conversion. It may be conceded that at the time respondent repossessed the car the legal title to the car was in the Acceptance Corporation. The first note and contract was not reassigned to respondent until some time after the car had been repossessed. By reason of the second note and contract, however, respondent had a claim against the Refund company, enforceable against the car, which exceeded the value of the car at the time of the conversion. This was fixed at $600 in a stipulation entered into by the parties. The amount of respondent's claim was approximately $1,050. Conceding (without deciding) that the repossession under the circumstances indicated constituted a conversion, it is apparent that appellants have suffered no damages. The measure of damages in an action for conversion is the value of the chattel at the time of the conversion, less the amount of any lien or claim which the defendant might rightfully assert at the time of the conversion. (*Advance-Rumely Thresher Co. v. Brady,* 47 Ida. 726, 278 Pac. 224; 38 Cyc. 2103.) As appears from the stipulation, the amount of the claim considerably exceeded the value of the car at the time of the conversion; hence appellants proved no recoverable damages.

The judgment is affirmed. Costs to respondent.

Budge, C. J., and T. Bailey Lee and Varian, JJ., concur.

Wm. E. Lee, J., concurs in the conclusion.