[Civ. No. 13854. Second Dist., Div. One. Apr. 13, 1943.]

WILLIAM C. ALLEN, Appellant, v. BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION (a National Banking Association), Respondent.

Hansen & Sweeney and J. E. Simpson for Appellant.

Louis Ferrari, Edmund Nelson and G. L. Berrey for Respondent.

WHITE, J.—By his third amended complaint filed herein plaintiff alleged that he is a retired U. S. Navy Lieutenant, a graduate of the U. S. Naval Academy at Annapolis, Maryland, and was known to defendant bank as Lieutenant W. C. Allen; that he was engaged in the engineering business and that between August 21st and September 21st, 1940, he had on deposit in a commercial bank account with defendant bank at Los Angeles, California, a sum of money in excess of $25. Plaintiff then alleged that on August 31, 1940, while he was in Detroit, Michigan, he made and drew upon his said bank

account with defendant bank by delivering to the Fort Shelby Hotel Company his check for $25 for which he received value from the payee. It is then alleged in the complaint that the hotel company "caused said check to be presented at and to the defendant bank on which it was drawn at Los Angeles, California, during the business hours of said bank." It is further alleged in the complaint that said presentment was made by telegram sent by the hotel company to the defendant bank reading "Advise if Lt. W. C. Allen check $25 good." It was then charged in the complaint that the records of defendant bank disclosed that there were sufficient funds to plaintiff's credit in his account to pay said check, all to the knowledge of said bank and "notwithstanding that defendant bank could have required that said check be personally exhibited to it, said bank waived and excused any irregularity in presentment, and refused to pay said check and dishonored the same" upon the ground and by notification to said payee that plaintiff herein "had no account with the defendant bank." Plaintiff further alleged in his amended complaint that by reason of the aforesaid conduct and acts on the part of the defendant bank he was damaged in his credit; in the good name which he held in his business; and that he was caused humiliation and physical and mental suffering. The complaint further sets forth that at the time of the dishonor by defendant bank of plaintiff's check he was following his profession as an engineer, which included acting as promotional sales engineer, and "pursuant thereto he was then and there negotiating business transactions which would have returned to him gains and profits from the pursuit of said business and profession." Then follows a charge in the complaint that as a proximate result of the actions of defendant bank; "said business transactions were not consummated by the parties interested therein, who withdrew therefrom and refused to have any further dealings with plaintiff."

To the foregoing complaint, defendant filed its demurrer upon the grounds that sufficient facts were not alleged to constitute a cause of action, and by way of special demurrer defendant claimed that from the complaint it did not appear by what act the bank waived presentation of the check, nor by what act the bank refused to pay the check or dishonored the same; or how or in what manner plaintiff was damaged. That it did not appear from the complaint how the act of

the bank prevented consummation of plaintiff's business transactions and that the matter of such transactions was not sufficiently set forth. The special demurrer also challenged the sufficiency of plaintiff's allegations as to how the acts of the bank injured him in his credit or good name and charged that the complaint did not show with what persons plaintiff's credit was injured. Finally the demurrer alleged that it did not appear from the complaint on what branch of the defendant bank the check was drawn or at what branch it was presented by telegram.

By its order, the trial court sustained defendant's demurrer to the amended complaint without leave to amend and a judgment of dismissal was entered. From such judgment plaintiff prosecutes this appeal.

■ We think it may safely be said that the cause of action attempted to be stated herein rests and is dependent upon the duty of a bank toward its depositors. The relation of banker and depositor is founded on contract. The essence of the bank's obligation under such debtor and creditor contract is that in consideration of the deposit by the customer or depositor, the bank will whenever by the presentation of a genuine check in the hands of a person entitled to receive the amount of such check, a demand for payment is made, honor such check if sufficient funds to cover the amount thereof are on deposit (vol. 5, American and English Encyclopedia of Law, 2d ed., pages 1059, 1060). ■ And the rule is firmly established in this state that whenever the bank fails to discharge its agreement by dishonoring a duly presented check, a right of action then accrues. It has been held that while in a sense the injury arises from contract it is nevertheless viewed in another sense, independent of contract, and sounds in tort, involving an element of wrong or a violation of duty (*Siminoff* v. *James H. Goodman & Co.*, 18 Cal.App. 5 [121 P. 939]; *Reeves* v. *First National Bank*, 20 Cal.App. 508 [129 P. 800]). As was said in the first mentioned case at page 12 "A single refusal to honor a check might work the ruin of a businessman. That the returning of a check by a bank to the payee, endorsed 'no funds,' would necessarily tend to injure the credit and business standing of the drawer of the check is a proposition so obvious as to need no argument to establish its truth." For this as for every other wrong, there is a remedy (Civ. Code, sec. 3523).

■ Respondent first contends that a check may be certified only for the drawer or holder; that there is no allegation in the amended complaint that the hotel company was either drawer or holder, or if so, that the bank was aware of such fact. It is argued that from a reading of the complaint the bank may have regarded the hotel company's telegraphic inquiry as being merely an inquiry as to the credit of plaintiff and that nothing contained in the pleaded telegram indicated that a certification was desired. Conceding the rule to be that the only right which the holder of a check has is to receive payment of it when presented to the bank and sufficient funds are available therefor; and that the bank is not obligated to certify a check, or liable for its refusal so to do, we do not perceive the pertinency of such rule to the issues here involved. This is not an action based on a refusal to certify a check but is an action to recover damages for injuries allegedly sustained for dishonoring and refusing a check.

■ Therefore, one of the questions presented on this appeal is whether there was under the allegations of the amended complaint a valid presentation of the check in question to the drawee bank.

Section 3265(a) of the Civil Code defines a check as ''A bill of exchange drawn on a bank payable on demand. Except as herein otherwise provided, the provisions of this title applicable to a bill of exchange payable on demand apply to a check.'' Subdivision (e) of the same code section provides in part that a bank is not liable to the holder of a check unless or until it accepts or certifies the check. The rules governing presentment are contained in Civil Code sections 3151 to 3156, and section 3155 reads ''The instrument must be exhibited to the person from whom payment is demanded, and when it is paid must be delivered up to the party paying it.'' Without doubt, as contended by respondent, the drawee bank was entitled under the law to have the check presented by delivery to the bank with demand for payment thereof, but appellant contends that in the instant case actual presentation of the check was waived by the defendant bank. Section 3229 of the Civil Code provides that presentment for acceptance is excused and a bill may be treated as dishonored where, although presentment has been irregular, acceptance has been refused on some other ground. Section 3268 of the Civil Code appears to be authority for

the statement that the benefits of the law requiring and defining presentment may be waived by any party entitled thereto, unless such waiver would be against public policy. It seems clear therefore, that while the drawee bank under its obligation to pay the depositor's money to holders of checks issued by him, may rightfully and under the law require that checks be produced and surrendered before payment is made and that no liability attached to the bank until such presentation and production is made, nevertheless the bank could waive the advantage of laws and rules adopted and intended for its benefit. The question then arises—did the action of the bank in responding to the telegram sent by the holder of the check advising that the maker thereof had no account with the defendant bank, waive the right of such bank to require physical presentation of the check in order to impose liability upon it for dishonoring the same? We are convinced that the bank did waive such right (sec. 3513, Civ. Code), *assuming that in all other respects the check was regular as to signature, name of drawee bank, and was correctly drawn upon the proper account.* In addition to section 3229 heretofore referred to, section 3160 of the Civil Code provides that presentment for payment is not required in order to charge the drawer where he has no right to expect or require that the drawee or acceptor will pay the instrument. The telegram from defendant bank to the holder of the check explicitly advised the latter that the drawer of the check had no account with the drawee bank. Manifestly it would be but an idle act for the hotel company to send the check to the bank and actually and physically present it for payment. The law neither does nor requires idle acts (sec. 3532, Civ. Code). The telegram sent by the defendant bank was tantamount to an absolute refusal to pay the check as described in the telegram for the reason therein stated, and which was a reason other than irregular presentation. When, therefore, the bank did not express any desire to see the check, it must be held that actual presentment for acceptance under the circumstances here present is excused and the hotel company as holder of the check was entitled to treat the instrument as dishonored by non-acceptance (*Freudenberg* v. *Lucas,* 38 Cal. App. 95 [175 P. 482] ; *Caine* v. *Foreman,* 106 Cal.App. 636, 640 [289 P. 929] ; *Porter* v. *East Jor-*

*dan Realty Co.*, 210 Mich. 398 [177 N.W. 987, 11 A.L.R. 963]).

■ However, we are persuaded that respondent must be upheld in its contention that the demurrer to the amended complaint was properly sustained because the pleading fails to allege that the check was made payable at Los Angeles; does not designate the branch of defendant bank at which it was made payable; and to the foregoing may be added the fact that the amended complaint does not allege that plaintiff's account was in the name of "Lt. W. C. Allen" which is the drawer name about which the hotel company telegram inquired. The only allegation in this regard is that the plaintiff "was so known to the defendant bank." This is not sufficient. Where the check is not pleaded *in haec verba*, the complaint must show that the check was drawn in the name of the depositor as such name appears of record at the drawee bank, and should further show that it was drawn upon and that the inquiry by the holder thereof was directed to the specific branch of the bank in the particular city where plaintiff's account was maintained. Contrary to respondent's claim, we are impressed that the allegations of the amended complaint are sufficient to show that the check was delivered to the hotel company in exchange for money and other things of value, and that the hotel company *as holder thereof* caused the check in question to be presented at and to the defendant bank.

■ Defendant bank further contends that the telegram sent by it amounted only to a simple statement of plaintiff's financial standing with the bank on the date of the telegram, and was sent in response to an inquiry therefor. We do not think so. It was more than that and constituted a notice from the bank that such check if produced at the bank to which the hotel company's telegram was sent, signed "Lt. W. C. Allen," would be dishonored because the drawer thereof had no account with the depositary under the name appearing in the telegram.

■ Respondent's final contention that appellant in any event can not recover damages in the absence of malice because under the allegations of the amended complaint it is apparent that appellant is not a trader or merchant, is without merit. Section 3320, Civil Code, places both traders and non-traders in this state on an equal basis so far as liability on the part of a bank and its depositors is concerned. The

section provides that no liability shall attach to a bank in favor of a depositor because of non-payment of a check which should have been paid, through mistake or error, and without malice, unless the depositor shall allege and prove actual damage by reason of such non-payment, and in the event he does plead and prove actual damage, the liability shall not exceed the amount so proved. It is therefore apparent that the quoted section abolishes the common law distinction between traders and non-traders (*Siminoff* v. *James H. Goodman & Co., supra; Reeves* v. *First National Bank, supra*). In the Reeves case the court said "No special damages were sought, and that there was no claim that the refusal to pay the check was the result of ill will or malice, but it does appear that plaintiffs were established in business, and where this is so the great weight of authority is to the effect that the wrongful dishonor of a check raises the presumption that the drawer has sustained substantial damage. . . ."

Even though plaintiff in his amended complaint has asked for more items of damage than are recoverable, such as mental suffering and humiliation, this does not impair the sufficiency of the complaint where as here, other and recoverable items of damage are pleaded (*Conner* v. *Bank of Bakersfield*, 174 Cal. 400 [163 P. 353]).

The deficiencies in the amended complaint to which we have alluded are not such that they may not or could not be corrected if true facts to support such corrections are present. Although appellant did not ask permission in the trial court to again amend his complaint, we feel that such opportunity should be given him. It is the law that when an order is made sustaining a demurrer without leave to amend, the question as to whether or not the court abused its discretion is open on appeal even though no request to amend the questioned pleading was made. (Sec. 472c, Code of Civ. Proc.)

The judgment appealed from is hereby modified by striking therefrom the words "This action be and it is hereby dismissed" and the cause remanded with directions to the court below to permit appellant to further amend his complaint if he be so advised. Respondent to recover costs on appeal.

Doran, J., concurred.

YORK, P. J., Concurring and Dissenting.—I concur only in

that portion of the foregoing opinion which holds that the order sustaining the demurrer was proper, but I dissent from that portion thereof which suggests to the plaintiff *just how* to prepare his amended pleading, and which orders the trial court to permit the filing of an amended pleading.

The third amended complaint in question does not even intimate a cause of action against defendant bank, and the briefs filed by plaintiff in this appeal do not even *suggest* that *any* of the facts stated in the foregoing opinion as being proper to allege are any of them true. To the contrary, the verified complaint upon its face conclusively shows that plaintiff has no cause of action. In the absence of any statement by the plaintiff as to what amendments, if any, he intends to make, I think it is dangerous, as well as improper, for this court to suggest any form of complaint for the plaintiff to swear to. I do not believe it is within the province of this court, at least in the absence of any intimation of facts which would tend to show that a cause of action actually exists, to suggest what the complaint should contain, in a case where the plaintiff fails to show or to suggest facts justifying his request for permission to file an amended complaint after a general demurrer to the complaint has been sustained.

If a draft or check is signed in a different manner from that in which an account is carried (and certainly if not presented to the particular branch bank where any account referred to is carried), any other branch bank would be more than remiss in its duty if it paid the same. If this is so, how could any action be based on the facts alleged in the complaint or even upon those suggested in the main opinion of this court?

On May 12, 1943, a petition for a rehearing was denied and the judgment was modified to read as above. York, P. J., voted for a rehearing.