PATROSSO, J.
 

 Plaintiff instituted this action to recover damages for the wrongful dishonor of a check drawn by him upon his account with the defendant bank at a time when he had standing to his credit an amount in excess of the face of the' check. Prom a judgment in favor of plaintiff, defendant appeals, and for the reasons hereinafter stated, we are affirming the judgment.
 

 The check in question was drawn in favor of the vendor under a conditional sales contract, pursuant to which plaintiff
 
 *894
 
 was purchasing an automobile, in payment of a monthly installment due thereunder, and as a result of the dishonor of the check and the defendant being otherwise unable to make payment, the seller repossessed the automobile and sold the same pursuant to the terms of the contract. The trial court awarded damages in the sum of $731.80, and $45.82 interest, the principal sum representing the amount paid upon the contract by plaintiff ($935), plus the resulting deficiency between the amount realized upon the sale by the vendor ($1,600) and the balance due upon the contract, or the sum of $596.80, less $800 found by the trial court to be the reasonable value of the use of the vehicle during the time that it was in plaintiff’s possession. The sole question presented is whether, under the circumstances, the award of such damages was proper.
 

 The precise question with which we are confronted is one of first impression in this state, and the authorities elsewhere are neither harmonious nor particularly helpful. (See annotations in 4 A.L.R. 947; 13 A.L.R. 305; 34 A.L.R. 205; 58 A.L.R. 732; 126 A.L.R. 206; 153 A.L.R. 1035.)
 

 The rule at common law was that substantial damages—“temperate in amount”—were recoverable against a bank for wrongfully dishonoring a check of its depositor; but a distinction was made between traders and nontraders, in that in the case of the former it was presumed, without further proof, that substantial damages had been sustained, “the rule proceeding upon the fact commonly recognized that the credit of a person engaged in such a calling is essential to the prosperity of his business and that the dishonoring of his checks was plainly calculated to impair such credit and
 
 to
 
 inflict a most serious injury.” (8 Cal.Jur.2d p. 52, § 88; see also 9 C.J.S., p. 778, § 365.) And such was the rule in this state
 
 (Siminoff
 
 v.
 
 Jas. H. Goodman
 
 &
 
 Co. Bank
 
 (1912), 18 Cal.App. 5, 11 et seq. [121 P. 939]) until the enactment in 1917 of Civil Code, section 3320, which reads as follows: “No bank shall be liable to a depositor because of nonpayment through mistake or error, and without malice, of a check which should have been paid unless the depositor shall allege and prove actual damage by reason of such nonpayment and in such event the liability shall not exceed the amount of damage so proved. ’ ’
 

 This statute is substantially identical with that formulated and sponsored by the American Bankers’ Association, and which has been adopted in a number of states (1 Paton’s Digest (1940 ed.) pp. 1117-1118), the purpose and effect of which were to abolish the distinction obtaining at common law
 
 *895
 
 between traders and nontraders.
 
 (Allen
 
 v.
 
 Bank of America
 
 (1943), 58 Cal.App.2d 124, 130-131 [136 P.2d 345].) As a result, a depositor (whether trader or nontrader) whose cheek has been wrongfully dishonored is not entitled to recover substantial damages by mere proof of dishonor, but only actual damage proved to have been sustained as a result thereof.
 

 The problem, therefore, is as to what is comprehended by the words “actual damage” as used in section 3320. Relevant to the solution of this problem is a determination as to the character of the action here involved. Defendant’s argument proceeds upon the thesis that the action is only upon contract, but we do not agree. While it is true that plaintiff might have brought his action upon contract, he was not restricted to this remedy. The prevailing view and that obtaining in this state is that in such circumstances he may, as plaintiff has done here, sue for damages for the injury resulting from the refusal to pay the check, in which case the action sounds in tort. (See
 
 Allen
 
 v.
 
 Bank of America, supra,
 
 58 Cal.App.2d 124, 127, and compare
 
 Rubino
 
 v.
 
 Utah Canning Co.
 
 (1954), 123 Cal.App.2d 18, 23-24 [266 P.2d 163].)
 

 From the foregoing, it would appear to necessarily follow that the rule of damages applicable is that prescribed by Civil Code, section 3333, unless it be that Civil Code, section 3302, which provides that “The detriment caused by the breach of an obligation to pay money only, is deemed to be the amount due by the terms of the obligation, with interest thereon,” is controlling here. In
 
 Hartford
 
 v.
 
 All Night & Day Bank
 
 (1915), 170 Cal. 538, 540-541 [150 P. 356, L.R.A. 1916A 1220], decided prior to the enactment of section 3320, it was held that section 3302 prescribes the measure of recovery in cases of this character, but this view was expressly rejected in
 
 Siminoff
 
 v.
 
 Jas. H. Goodman & Co. Bank, supra,
 
 18 Cal.App. 5, 14, which although decided prior to the Hartford case and a petition for hearing was denied by the Supreme Court, is not mentioned in the latter case. And in
 
 Allen
 
 v.
 
 Bank of America, supra,
 
 58 Cal.App.2d 124, 131, it was held that “recoverable items of damage” were pleaded in a complaint alleging that by reason of the wrongful dishonor of plaintiff’s cheek, business transactions which were being negotiated by plaintiff with others “which would have returned to him gains and profits” failed of consummation. (P. 126.) Whatever may have been the rule prior to the enactment of section 3320, we are of the view that section 3302 is without application to actions of the character here
 
 *896
 
 involved, and that the measure of damages is that prescribed by section 3333 for tort actions.
 

 While, there are decisions in this state which under take to declare that the measure of damages for breach of contract are substantially the same as for tort
 
 (Siminoff
 
 v.
 
 Jas. H. Goodman & Co. Bank, supra,
 
 18 Cal.App. 5, 15;
 
 Ruzanoff
 
 v.
 
 Retailers Credit Assn.
 
 (1929), 97 Cal.App. 682, 687 [276 P. 156]), this statement is not accurate, for as the contrasting language of sections 3300 and 3333 clearly indicates, and as our Supreme Court has observed, there is a recognized distinction between the measure of damages in tort cases and that obtaining in actions for breach of contract, in that damages not even anticipated are recoverable in' tort while only such damages as were reasonably contemplated by the parties at the time of entering into the agreement are recoverable for a breach thereof.
 
 (Hunt Bros. Co.
 
 v.
 
 San Lorenzo Water Co.
 
 (1906), 150 Cal. 51, 56 [87 P. 1093];
 
 Bartlett
 
 v.
 
 Federal Outfitting Co.
 
 (1933), 133 Cal.App. 747, 750-751 [7 L.R.A.N.S. 913];
 
 Zvolanek
 
 v.
 
 Bodger Seeds, Ltd.
 
 (1935), 5 Cal.App.2d 106, 108 [42 P.2d 92];
 
 Lacy Mfg. Co.
 
 v.
 
 Gold Crown Min. Co.
 
 (1942), 52 Cal.App.2d 568, 574 [126 P.2d 644].) We find it necessary to emphasize this distinction because of the insistence of defendant that damages for the loss of plaintiff’s automobile are not recoverable because they may not be said to have been reasonably contemplated by the parties at the time the bank account was opened, as well as its bearing upon the discussion which follows.
 

 We have concluded that the rule of damages applicable here is that prescribed by section 3333, Civil Code, and that the trial court was warranted in finding that the loss of the automobile resulted proximately from the wrongful dishonor of plaintiff’s cheek. “ [T]he issue of proximate cause is essentially one of fact”
 
 (Mosley
 
 v.
 
 Arden Farms Co.
 
 (1945), 26 Cal.2d 213, 219 [157 P.2d 372, 158 A.L.R. 872]) except where but one conclusion may reasonably be drawn from the facts.
 
 (Gallichotte
 
 v.
 
 California Mut. Bldg. & Loan Assn.
 
 (1935), 4 Cal.App.2d 503, 509 [41 P.2d 349].) The latter is not the situation here.
 

 We are confirmed as to the correctness of this view by a reading of the Supreme Court’s decision in
 
 Union Const. Co.
 
 v.
 
 Western Union Tel. Co.
 
 (1912), 163 Cal. 298, 311-312 [125 P. 242]. That was an action for damages for delay in delivering a telegram. The evidence disclosed that as a result
 
 *897
 
 of the delay plaintiff lost an optional right that it had of contracting for the doing of certain work for it at a stated price, and that subsequently, under the best terms it could obtain for doing the work, it had to pay a substantially higher price, and it was held that the damage thus sustained was recoverable. While not expressly so stated therein, it is clear that, as here, although the obligation breached by the defendant arose out of contract, the action was in tort and the rule of damages in such cases applied. (See
 
 Nester
 
 v.
 
 Western Union Tel. Co.
 
 (1938), 25 F.Supp. 478, 480.)
 

 Defendant, however, contends that a different result is dictated by
 
 Hartford
 
 v.
 
 All Night
 
 &
 
 Day Bank, supra,
 
 170 Cal. 538, and
 
 Bearden
 
 v.
 
 Bank of Italy
 
 (1922), 57 Cal.App. 377 [207 P. 270], wherein it is held that the arrest of the plaintiff for the offense of issuing a check without sufficient funds was not the proximate result of the defendant bank’s wrongful refusal to honor the check. As previously noted, however, the Hartford case was decided prior to the enactment of section 3320, and the District Court of Appeal, in the Bearden case, seemingly was not mindful of the fact that section 3320 had been enacted in the meantime, for no mention thereof appears in its opinion. Moreover, it would appear that both courts assumed that the action before it was one in contract, for otherwise section 3302 could in no event be applicable as it was there held. We need not, however, undertake to consider the soundness of the conclusion there reached. See, however,
 
 Collins
 
 v.
 
 City Nat. Bank & Tr. Co.
 
 (1944), 131 Conn. 167 [38 A.2d 582, 153 A.L.R. 1030] in view of section 3320, which is a legislative recognition that a depositor whose check is wrongfully dishonored may thereby sustain “actual damage” beyond the amount of the check. The loss of plaintiff’s automobile was no less the proximate result of the dishonor of the check than the detriment occasioned by the delay in the delivery of the telegram which was held recoverable in
 
 Union Const. Co.
 
 v.
 
 Western Union Tel. Co., supra.
 
 Indeed, unless damages in cases of this character are to- be confined to the amount of the cheek, if the detriment occasioned by the loss of property proximately resulting from the wrongful dishonor of a check is not recoverable as “actual damage,” section 3320 is in effect rendered meaningless, for it is difficult to conceive of a situation wherein a loss could be sustained more directly related to the dishonor of a check than that sustained by plaintiff here.
 

 
 *898
 
 Defendant further contends that if plaintiff is entitled to recover at all, the damages should he confined to the market value of the car, and that by this standard the judgment is excessive. We agree that the measure of plaintiff’s recovery is the market value of the automobile, and that the court erred in computing the damages on the basis previously stated, namely, the amount paid on account of the purchase price of the ear plus the deficiency resulting upon its sale by the vendor less the reasonable value of the use of the car while plaintiff had possession thereof; but, as will presently appear, this operated to the advantage of the defendant, and hence it may not be heard to complain thereof. Here there was no direct evidence as to the market value of the car at the time it was sold by the conditional vendor. It does, however, appear that upon such sale it brought the sum of $1,600, which, as defendant suggests, is some evidence of its then market value. From this premise defendant argues that, inasmuch as plaintiff then owed a balance upon the ear of $2,196.80, he sustained no loss, and if the conditional vender had wrongfully repossessed the car, in a suit for conversion against it by plaintiff, the latter could recover nothing and the vendor would be entitled to recover the difference between the market value of the ear and the balance due upon the contract.
 
 (Zarillo
 
 v.
 
 Le Mesnager
 
 (1921), 51 Cal.App. 442, 443-444 [196 P. 902].) In the circumstances stated, the contention is sound, but it does not apply in the instant case, for it is settled that one owning a qualified interest as conditional vendee in personal property who is wrongfully deprived thereof is entitled to recover its full value as against one having no ownership in the property where, as here, the one having the qualified interest is liable over to the conditional vendor.
 
 (Goldberg
 
 v.
 
 List
 
 (1938), 11 Cal.2d 389, 392-393 [79 P.2d 1087, 116 A.L.R. 900], and cases there cited.) Thus, under the evidence, plaintiff was entitled to recover a substantially greater sum than that awarded him by the judgment—$1,600 rather than $777.62.
 

 The judgment is affirmed.
 

 Bishop, Acting P. J., concurred.
 

 Respondent’s petition for a rehearing denied on March 22, 1955.